### LITTLETON v. RUST et al.

### In re LITTLETON.

### No. 5693.

Circuit Court of Appeals, Fourth Circuit.
March 16, 1948.

Writ of Certiorari Denied June 1, 1948.
See 68 S.Ct. 1347.

Robert H. McNeill, of Washington, D. C. (McNeill & Fuller and T. Bruce Fuller, all of Washington, D. C., on the brief), for appellant.

Clarence R. Ahalt, of Arlington, Va. (Armistead L. Boothe, of Alexandria, Va., on the brief), for appellees.

Before PARKER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

This is an appeal from an order directing sale of property in a proceeding instituted more than six years ago under the Frazier-Lemke Act, 11 U.S.C.A. § 203. The only points raised by the appeal are based upon the contention that the Conciliation Commissioner who acted in the case was not qualified to act because not a lawyer. It appears, however, that the Commissioner was duly appointed in 1937 when there was no such requirement in the law, that he has been reappointed from time to time since and that for more than three years the bankrupt made no objection to his acting in the capacity of Commissioner. Whether the Commissioner possessed the statutory qualifications required as a prerequisite to appointment or not, there can be no question but that he was a commissioner de facto and that his acts as such may not be collaterally attacked. Rockingham County v. Luten Bridge Co., 4 Cir. 35 F.2d 301, 66 A.L.R. 735; United States v. Royer, 268 U.S. 394, 45 S.Ct. 519, 69 L.Ed.

1011. It appears, furthermore, that bankrupt has had the full three year period for rehabilitation that the statute contemplates and that the order of which he complains directing a sale of his property is an order of the District Judge made after full consideration of the rights of bankrupt and his creditors, and not affected in any way by any action of the Commissioner. The bankrupt has had every advantage under the law that the statute contemplates and more and has delayed his creditors for more than six years in the enforcement of their rights. The questions raised by his appeal have no merit. The order appealed from will be affirmed.

Affirmed.