**LITTLETON v. DE LASHMUTT.**

No. 6238.

United States Court of Appeals Fourth Circuit.

Argued April 13, 1951.

Decided April 26, 1951.

974

Elmer McClain, Lima, Ohio (E. A. Prichard, Fairfax, Va., on the brief), for appellant.

James H. Simmonds, Arlington, Va., (Fielding L. Williams, Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in the bankruptcy proceedings of Frank Campbell Littleton instituted in 1941 under the Frazier-Lemke Act, 11 U.S.C.A. § 203. On August 25, 1947, an order was entered appointing trustees to sell the real estate involved in the proceeding and this order was affirmed by the District Court on September 23, 1947, after motion had been made to review, reconsider and rescind the order of sale. The order was affirmed on appeal by this Court on March 16, 1948, in an opinion in which the Court, after pointing out that there was no merit in the complaint made as to the Conciliation Commissioner, said, see Littleton v. Rust, 4 Cir., 166 F.2d 1007–1008: "It appears, furthermore, that bankrupt has had the full three year period for rehabilitation that the statute contemplates and that the order of which he complains directing a sale of his property is an order of the District Judge made after full consideration of the rights of bankrupt and his creditors, and not affected in any way by any action of the Commissioner. The bankrupt has had every advantage under the law that the statute contemplates and more and has delayed his creditors for more than six years in the enforcement of their rights. The questions raised by his appeal have no merit. The order appealed from will be affirmed."

Following the decision of this Court affirming the order of sale, there was an application to the Supreme Court for writ of certiorari, which was denied on June 1, 1948. Littleton v. Rust 334 U.S. 833, 68 S.Ct. 1347, 92 L.Ed. 1760. On July 1, 1948, the District Court entered an order directing the trustees to proceed with the sale which was held on September 2, 1948. At the sale, Thomas N. DeLashmutt, the appellee here, became the last and highest bidder for the property at a price considerably in excess of its appraised value. The bankrupt did not exercise his right to redeem within ninety days after the sale, but, on the contrary filed with the court a stipulation withdrawing all objections to the sale and asking that it be confirmed and executed a quitclaim deed to DeLashmutt conveying the property to him. The trustees executed deed to DeLashmutt on December 2, 1948. Their acts as trustees were approved and they were discharged by order entered December 16, 1948.

Following the sale of the property, the bankrupt participated in proceedings relating to the distribution of the proceeds and prosecuted an appeal to this Court with regard thereto, without questioning in any way the validity of the sale. See Littleton v. Kincaid, 179 F.2d 848. On May 9, 1949, he consented to an order in which it was adjudged that DeLashmutt was entitled to the full possession of the property and debtor was ordered to remove his personal property therefrom.

After all of the foregoing had taken place, the bankrupt on March 14, 1950, applied to the District Court to vacate the sale and the proceedings had in connection therewith on nine grounds, which were stated in general terms to the effect that no stay order as required by statute had been entered in the farmer-debtor proceedings, that the trustees who conducted the sale were not qualified to act, that the sale was not conducted according to statute, that the advertisement of sale did not comply with the statute, that the Conciliation Commissioner was not qualified, that debtor had had no opportunity to pay off his debts, that the auctioneer was not appointed and confirmed by the Court, that unlawful requirements were imposed upon bidders and that property sold was not properly described in the advertisements.

Appellee made an answer to the motion calling attention to the fact that the matters raised as grounds for setting aside the sale

had theretofore been passed upon by the court, that the decree ordering the sale had been contested and had been affirmed on appeal and that the bankrupt himself had affirmed the sale, withdrawn his objections thereto, consented to its confirmation and made a conveyance to the purchaser. To this answer of appellee, bankrupt filed answer in which, after admitting that the order of sale had been affirmed on appeal and that he had withdrawn all objections thereto, he alleged in general terms breach of contract[1] on the part of appellee and reiterated the allegations made in his application of March 14. Subsequently bankrupt filed an affidavit of bias and prejudice against the District Judge, setting forth as grounds of the motion nothing more than adverse rulings made by the judge in the course of the proceedings. The District Judge held the affidavit of bias and prejudice insufficient and denied debtor's application. The portion of the order denying the application is as follows: "That the application seeking a rehearing or further hearing relates to issues heretofore determined by this Court and by the United States Court of Appeals, Fourth Circuit, in this proceeding, in which certiorari was denied by the Supreme Court of the United States, and that said application is without merit and should be, and the same hereby is, denied."

 The action of the District Judge was clearly right. The Court properly took judicial notice of the proceedings which had been had in the case in which the motion was made. Cf. Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1029; Fletcher v. Bryan, 4 Cir., 175 F.2d 716; and in the light of these proceedings there can be no question but that debtor's application was entirely devoid of merit. Debtor's counsel argue that he was not given a hearing on his application; but, in view of what had occurred in the case, his application was not for a hearing but for a rehearing. Whether or not a rehearing will be granted is a matter resting in the sound discretion of the trial judge. Walgreen Drug Stores v. Scruggs Drug Store, Inc., 4 Cir., 129 F.2d

789. There can be no question but that the discretion was properly exercised.

The District Judge properly refused to disqualify himself on the grounds of bias and prejudice, as the affidavit filed was clearly insufficient under 28 U.S.C.A. § 144. If after losing a case a party could have it retried on motion and could swear off the judge who ruled against him on the ground of the rulings, there would be no end of litigation. The statute contemplated no such absurdity. The bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case. See Ex parte American Steel Barrel Co., 230 U.S. 35, 43, 33 S.Ct. 1007, 57 L.Ed. 1379; Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481; Morse v. Lewis, 4 Cir., 54 F.2d 1027; Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 987; Walker v. United States, 9 Cir, 116 F.2d 458; Ryan v. United States, 8 Cir., 99 F.2d 864; Craven v. United States, 1 Cir., 22 F.2d 605.

Affirmed.

---

1. Attorney for bankrupt was asked during argument before this court in what the breach of contract consisted and stated that he did not know.