John P. McNALLY and Tom McNally, d/b/a McNally Elevator Service Company, Plaintiffs-Appellants,

v.

AMERICAN STATES INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.

No. 15579.

United States Court of Appeals Sixth Circuit.

Dec. 12, 1964.

William L. Fisher, St. Clair Shores, Mich., for appellants.

Joseph B. Sullivan, Detroit, Mich., Sullivan, Sullivan, Hull & Ranger, Robert E. Sullivan, Detroit, Mich., on the brief, for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This appeal challenges an order dismissing appellants McNallys' "Petition

Mr. Friedman makes that motion.
"How much time do you want to take in summation?" Tr. 413–414.

for Further Relief" to implement a declaratory judgment previously affirmed by this Court, McNally v. American States Ins. Co., 308 F.2d 438 (CA 6, 1962). Examination of the pleadings and proceedings convinces us that appellants, within the meaning of the second section of the Declaratory Judgment Act, 28 U. S.C.A. § 2202, presented a request for proper additional relief based on the earlier District Court decree affirmed by this Court as aforesaid. We are of the opinion that the Petition for Further Relief here involved should not have been determined without resolving the issues of fact noted below. The order of the District Court is vacated and the cause remanded for such further proceedings as may be necessary in light of this opinion.

The original declaratory judgment action grew out of an insurance policy issued by defendant American States to protect plaintiffs McNallys against liability incurred in their elevator inspection and maintenance service. Following an accident in a McNally-maintained elevator in the Burdick Hotel at Kalamazoo, Michigan, an action was instituted against McNallys in a state circuit court by a passenger in the elevator, and in a declaratory judgment action brought by McNallys the United States District Court, affirmed by this Court, ruled that the insurance policy covered the liability asserted by the passenger in the state court action. The petition for further relief which is the subject of this appeal followed shortly thereafter. In their petition, McNallys complain of the reservations of liability asserted by the insurance company in undertaking to defend another state court action arising out of the same accident, and seek either a declaration that coverage exists and the insurance company is obligated to defend the state action "absolutely," or an order determining that McNallys have a right to control the defense of the state court action.

The allegations contained in McNallys' petition are substantially as follows. After the order of this Court affirming the original declaratory judgment, the state court litigation prompting it was settled by American States and the insurance carrier for one of the companies involved in operating the Burdick Hotel. Prior to that litigation, however, the insurance carrier of two of the companies involved in the hotel operation had settled a state suit brought by another elevator passenger against those companies. This insurance carrier has since then brought suit against McNallys in the state court, seeking indemnification or contribution as subrogee of its insureds on the grounds that the McNallys had failed to discharge their contractual obligations to maintain the elevator and had been guilty of negligence. After the defendant insurance company entered an appearance and pleaded in that suit for the McNallys, it "notified them that it had certain undisclosed reservations about its obligations under said policy" and was defending subject to such reservations.

The insurance policy involved in the present case contains a typical clause requiring the insurer to defend suits against the insured. The District Court apparently granted defendant's oral motion for summary judgment on the ground that "everything indicated that the defendant is representing the plaintiffs in the State Court action. * * *" Without reflecting on the appropriateness of such relief in the ordinary case of an insurer's reservations of coverage in undertaking to defend an action against its insured, we believe that the circumstances of the present case called for a determination of the grounds for the reservation and of their validity. Even following argument in this Court, it is not entirely clear why the defendant has sought to distinguish the present state court action from the one involved in the underlying declaratory judgment action. All that is clear is that defendant claims to be uncertain whether the same maintenance contract is involved as was involved in the earlier state action, and whether a possibly different contract might contain assumptions of liability by

the insured not covered by the policy of insurance. This uncertainty is said to arise from the fact that the complaint in the present state court action asserts departure by appellants McNallys from a service contract with Ingram-Cunningham Hotels, Inc., while the service contract adduced in the first state action and the declaratory judgment action was with the Burdick Hotel. Affidavits submitted to the District Court on McNallys' motion for rehearing make it almost certain that one and the same contract is involved, "the Burdick Hotel being the common name of Ingram-Cunningham Hotels Inc." Defendant's statements in the District Court made it apparent that at least this question of fact was involved, and it would have been appropriate for that court to determine the question promptly. Having determined the complex issues involved in the original declaratory judgment action, we believe that the District Court should afford plaintiffs the additional relief of a prompt determination of coverage enabling the McNallys to defend the state suit for themselves if necessary, or to be safely able to leave it to counsel selected by the insurance company without employing associate counsel to protect their own interests.

In addition to the basis for the defendant's reservation just discussed, there is a nebulous assertion that coverage may depend on whether liability is found "on the contract" between the McNallys and the Burdick Hotel, or on other claims of negligence advanced in the state court. If this assertion relates solely to the possibility that two service contracts may be involved, it furnishes an additional reason for determining that issue of fact. If coverage depends on which ground of liability is selected by the state jury, the McNallys should have a prompt determination of the role their own counsel may play in guiding the state lawsuit. Determination of this issue in the federal courts seems appropriate in view of the lengthy proceedings already had in the declaratory judgment action. If the defendant's assertion that coverage may depend on the basis of liability selected in the state suit calls for an interpretation of the contract acknowledgedly involved in the declaratory judgment action, the District Court is a singularly appropriate forum for determining the scope of its prior adjudication and extending it, if need be, to a closely related question.

While appellants' present address to this Court sets forth eight separate statements of questions involved, we believe the foregoing an adequate exposition of the substantial merits of this appeal.

Order vacated and cause remanded.