John P. McNALLY and Tom McNally d/b/a McNally Elevator Service Company, Plaintiffs-Appellants,

v.

AMERICAN STATES INSURANCE COMPANY, Defendant-Appellee.

Nos. 16784, 17521.

United States Court of Appeals
Sixth Circuit.

Sept. 22, 1967.

---

William L. Fisher, East Detroit, Mich., for appellants.

Robert E. Sullivan, Detroit, Mich., for appellee, Sullivan, Sullivan, Hull & Ranger, Detroit, Mich., on brief.

Before O'SULLIVAN, CELEBREZZE and PECK, Circuit Judges.

O'SULLIVAN, Circuit Judge.

These appeals are the latest episodes in a continuing legal battle between the parties. They have their genesis in the initial contention of American States Insurance Company, (American States) defendant-appellee, that its policy of casualty insurance did not cover its policyholders, John P. McNally and Tom McNally, d/b/a McNally Elevator Service, plaintiffs-appellants, for the liability asserted against the McNallys arising from an elevator accident which occurred February 13, 1957, at the Burdick Hotel in Kalamazoo, Michigan. The McNallys had contracted to maintain and service the Burdick Hotel elevator; they were sued by a passenger named Mitchell, injured when the elevator fell. American States, disclaiming coverage, refused to defend the action for its assured, the McNallys, and the latter brought a declaratory judgment action against the insurance company, in the United States District Court, to establish the duty of American States to defend the suit and to pay any judgment recovered by Mitchell against the McNallys. This Court affirmed a District Court judgment holding that American States' policy did cover the McNallys for their exposure in the personal injury action brought by Mitchell and accordingly required American States to defend the action. McNally v. American States Insurance Company, 308 F.2d 438 (CA 6, 1962). Obedient to that decision American

States took over the defense of the Mitchell case and ultimately settled it.

In the meantime a suit had been brought directly against the Burdick Hotel by one Mary Podany, another passenger in the elevator which fell on February 13, 1957. The pleadings in the first appeal here (#16,784) declare that defendant-appellee American States Insurance Company was requested "to pay or to participate in the settlement of the Podany claims" but declined to do so. Thereafter the insurers of the Burdick Hotel, Insurance Company of North America, settled the Podany suit and on January 19, 1963, as subrogee of its insured, brought suit against the McNallys in the Circuit Court of Kalamazoo County, Michigan, seeking indemnification or contribution, presumably on the ground that the McNallys' alleged failure properly to maintain the elevator was the primary cause of its fall. The McNallys gave the suit papers to American States Insurance Company, which at first took over their defense without qualification—but then notified the McNallys "that it had certain undisclosed reservations about its obligations under said policy and was proceeding with such defense conditionally without admitting such obligations."

Once again the McNallys were made uncertain as to whether their American States Insurance Company policy covered their latest exposure to liability. Accordingly, they sought help by filing a "Petition for Further Relief" in the same declaratory judgment action which had eventually adjudicated that American States Insurance Company's policy covered the McNallys' liability to Mitchell arising out of the fall of the Burdick Hotel elevator. On motion of American States the District Judge dismissed the Petition for Further Declaratory Relief upon his view that "everything indicates

that the defendant is representing the plaintiff in the State Court action." The McNallys appealed to this Court, which reversed the District Court dismissal and remanded the matter for declaration as to whether American States was required, without any reservations, to defend the subrogation action brought by the Burdick Hotel's insurers against the McNallys. McNally v. American States Insurance Company, 339 F.2d 186, (CA 6, 1964).[1] Before further judicial proceedings ensued, however, American States proceeded to settle and caused to be dismissed, on January 15, 1965, the state court subrogation suit.

This was followed on February 1, 1965, by American States' Motion for Entry of Order of Dismissal of the declaratory judgment action, to which was attached a true copy of the January 15, 1965 Order of the Circuit Court of Kalamazoo County dismissing with prejudice, and on stipulation, the suit by Insurance Company of North America against the McNallys. The declaratory judgment action including the Petition for Further Relief was, on May 4, 1965 dismissed as moot over the McNallys' objection. This dismissal is the subject matter of the McNallys' appeal under our Number 16,784.

The next product of this extended litigation between the appellants McNallys and appellee American States was an independent action commenced on February 15, 1966, by the McNallys seeking damages from American States on various grounds discussed hereinafter. This latter suit was dismissed on August 30, 1966, by the District Court upon American States' motion that all matters involved in said suit had become res judicata. Such dismissal is the subject matter of the McNallys' appeal under our Number 17,521. This and the appeal in Number 16,784 were heard together.

1. American's asserted reasons for insisting upon its reservations in the subrogation are set out in our opinion, 339 F. 2d at 187, 188; and we there expressed our view that the McNallys were entitled to know whether the bases of American's reservations were valid and whether in view thereof McNallys should themselves undertake the defense of the state subrogation suit. We need not here concern ourselves with whether American's proclaimed reservations were of dubious merit.

### 1. Appeal Number 16,784

■ We affirm the District Court dismissal of the declaratory judgment action including the Petition for Further Relief. The entire subject matter of these proceedings was the liability of American States to defend and, to the extent of its policy limits, to pay for any recovery against the McNallys in the Mitchell case and in the Insurance Company of America case. American States' settlement of these lawsuits made further prosecution of the declaratory relief actions unnecessary.

The McNallys here challenge the procedural regularity of the dismissal on the ground that American States was in default for failing to have answered the petition for further relief and because a copy of the order dismissing the Kalamazoo County state court suit was not properly certified. We find no merit in these arguments.

In appeal 16,784 the judgment of the District Court is affirmed.

### 2. Appeal Number 17,521

This involves the dismissal, on motion, of the McNallys' suit against American States for damages allegedly suffered as a consequence of American States' repeated refusals to recognize and honor the contractual duties owed to the McNallys in connection with the litigation above reviewed.

The McNallys' complaint is indeed a melange of many allegations of wrongdoing on the part of American States, including charges that its refusal to defend the actions brought against McNallys was in bad faith and unnecessarily exposed the McNallys to a varied list of damages. We are not prepared nor called upon, however, to research the background to the complaint, analyzing its varied allegations, to determine whether there lurks therein an adequate statement of a cause of action which might emerge upon a District Court hearing.

■■ American States made a motion to dismiss the action upon its assertion that the subject matter of the McNally complaint had been before this Court, the District Court, and the Circuit Court of Kalamazoo County, and had there been ruled upon adversely to the McNallys. But in the case ending in our decision McNally v. American States Insurance Company, 308 F.2d 438 (6 Cir. 1962), the only issue decided was that American States' policy covered the McNallys' exposure in the Mitchell case.[2] In McNally v. American States Insurance Company, 339 F.2d 186 (6 Cir. 1964), we held that the McNallys were entitled to a declaration of the obligations, if any, of American States to defend a second suit, the subrogation case. The dismissal of the McNallys' declaratory judgment action and their Petition for Further Relief was bottomed upon the fact that the issues involved—coverage and duty to defend the Mitchell and the subrogation case—had become moot by the settlement and dismissal of those cases. We do not easily discern that such order adjudicated the varied claims of the instant complaint. The order granting the motion is as follows:

> "ORDER GRANTING MOTION TO DISMISS
>
> Defendant herein has filed a Motion to Dismiss the Complaint.
>
> A reading of the Complaint discloses that its subject matter consists of a miscellany of loose ends and recitals all relating to the subject matter of a prior action between the same parties which was prosecuted to judgment. The recitals contained in the instant complaint, to the extent we are able to interpret them, raise 'issues', if they can be so termed, that should have been included in the prior suit before this Court and which are,

---

**2.** In the first case before us we disallowed a claim for extra compensation by the McNallys' attorney made on the ground that the appellants' appendix and statement of fact were inadequate. Such disallowance had nothing to do with the McNallys' later suit for damages against American States.

therefore, res judicata. If the Complaint herein states a cause of action *it is barred by reason of res judicata.* Defendants' Motion to Dismiss is hereby granted."

Neither can we, upon the meager record before us, determine whether litigation in the Kalamazoo Circuit Court will, upon final disposition, adjudicate the issues raised by the McNallys' complaint. No proofs were taken upon the questions presented by American States' motion to dismiss.

We are of the view that the McNallys' complaint should not have been dismissed without a hearing. The record and appellee's brief in this appeal do not, in our view, articulate reasons justifying summary resolution of the legal sufficiency of the latest McNally complaint; neither is res judicata made out with the clarity required for summary sustaining of such proffered defense. After responsive pleading by American States, and proofs taken, the District Court will be better able to decide whether the McNallys have any claims against American States, or whether such claims were or should have been adjudicated in prior litigation.

 The McNallys' appeal on the case also raises questions as to the propriety of this case being transferred from the judge to whom it was originally assigned under the local rule of the District Court, to the judge who had heard the earlier contest between these litigants. Without discussion we find the contention without merit. The McNallys also attack the propriety of the District Judge's refusal to recuse himself upon the filing of an affidavit of bias and prejudice under 28 U.S.C. Section 144. The affidavit's charges of bias against the District Judge were based in part upon the rulings of law by him in related litigation adverse to the McNallys; as such they were not sufficient. Littleton v. De Lashmutt, 188 F.2d 973, 975 (CA 4, 1951), cert. den., 342 U.S. 897, 72 S.Ct. 229, 96 L. Ed. 672; Knoll v. Socony Mobil Oil Co.,

369 F.2d 425, 430 (CA 10, 1966); Deitle v. United States, 302 F.2d 116, 118 (CA 7, 1962). Other allegations of the affidavit were also insufficient. While there exists a view that there is "as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is," In re Union Leader Corp., 292 F.2d 381, 391 (CA 1, 1961), cert den., 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190; Rosen v. Sugarman, 357 F.2d 794, 797 (CA 2, 1966), whether to step out of a case after the filing of an insufficient affidavit of bias is generally a discretional determination for the judge.

This cause, No. 17,521, is remanded to the District Court for further proceedings consistent herewith.