**John Edward SMITH, Petitioner,**

v.

**STATE OF NORTH CAROLINA,**
**Respondent.**

**No. C-C-72-129.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Aug. 8, 1972.

No appearance for petitioner.

Richard League, Asst. Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for respondent.

ORDER

McMILLAN, District Judge.

Once more the court is faced with a habeas corpus petition by a North Carolina prisoner asking the court to require the State to recognize his right under the 1969 case of Cole v. North Carolina, 419 F.2d 127 (4th Cir. 1969), and award him credit on his sentence for time spent in jail after his conviction and before his appeal was determined.

The facts are simple:

John Edward Smith was arrested July 20, 1965, and was confined in jail until tried and convicted on September 13, 1965, when he was given a 7 to 9-year prison term (the maximum is 10 years) for breaking and entering, and a 2-year concurrent term on another charge. His appeal was finally determined on April 15, 1966. He was kept in jail seven months pending appeal.

His scheduled release date is reported to be November 15, 1972.

His seven months of time in jail pending appeal have not been credited.

If they are credited, he is entitled to be released today.

Once more the Attorney General has answered and admitted that the case cannot be distinguished from *Cole*. This means petitioner is clearly entitled to credit for the time which he seeks.

Once more, so far as the record shows, the defendants have done nothing to allow petitioner the benefit of the right they thus concede is his.

Once more, as in previous cases in this court [for example, Huffstetler v. Henry, Civil No. 2448 (W.D.N.C., December 12, 1969); Belk v. North Carolina, Civil No. 2486 (W.D.N.C., January 14, 1970); Newell v. Henry, Civil No. 2649 (W.D.N.C., April 13, 1970); Marsh v. North Carolina, Civil No. 2915 (W.D. N.C., August 20, 1971); Culp v. Blackledge, Civil No. 2958 (W.D.N.C., September 17, 1971); Withers v. Watkins, Civil No. 2731 (W.D.N.C., October 27, 1971); Hill v. Ross, Civil No. 2971

(W.D.N.C., January 14, 1972); Jarrett v. Blackledge, Civil No. C–C–72–3 (W.D.N.C., February 10, 1972); and Baugh v. Blackledge, Civil No. C–C–72–100 (W.D.N.C., July 28, 1972)], a petitioner, as a result, has been denied prison advantages and has been threatened with or subjected to unlawful and wrongful imprisonment and punishment in excess of his lawful sentence.

Once more, a prisoner's rights have been ignored.

Once more, an unnecessary cost to the taxpayers has been incurred.

Once more, prison morale and prison rehabilitation have suffered an unnecessary blow.

Pursuit of state remedies would be futile (North Carolina v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970)), and exhaustion will not be required.

■ Petitioner's claim of credit for pre-trial custody appears moot and will be dismissed for that reason, without prejudice to his right to raise the issue again if it has any further bearing on his rights.

It is therefore ordered, that the writ of habeas be granted, and:

1. That petitioner be given credit for all time spent in custody pending appeal.

2. The credit shall be computed as though petitioner had begun serving his sentence on the first day he was incarcerated on or after the day of his conviction and shall be credited at the front end of the sentence, rather than being reserved for credit against the last part of the sentence; that is, the prisoner's time served as of now shall be computed by treating as his first time served the time spent in jail pending appeal; and this time shall be fully counted for all jail and prison benefits, emoluments and privileges, including good time, gain time, parole, work release and all other advantages or benefits, whether or not named or thought of herein. See Wilson v. North Carolina, 438 F.2d 284 (4th Cir. 1971).

3. The Attorney General is requested, when he notifies the court of compliance with this order, to indicate the exact period for which credit was given, i. e. from date to date, and the specific effect the method of computation ordered herein has on petitioner's total sentence, on his credit for good time, on his eligibility for parole, work release, and any other benefits.

4. That the claim for credit for time spent in custody pending trial is dismissed without prejudice to its later reinstatement as specified above.

5. That the Attorney General comply with this order immediately and inform the court when he has done so.