**John Edward SMITH, Petitioner,**

v.

**STATE OF NORTH CAROLINA, Respondent.**

**Civ. No. C-C-72-129.**

United States District Court, W. D. North Carolina, Charlotte Division.

Feb. 23, 1973.

Barry M. Storick, Charlotte, N. C., for petitioner.

Robert Morgan, Atty. Gen., and Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondent.

ORDER

McMILLAN, District Judge.

John Edward Smith, by motion of October 23, 1972, alleged in substance that North Carolina prison authorities extended his prison sentence because he successfully petitioned this court for credit on his sentence for time spent in prison awaiting the outcome of his appeal to the North Carolina appellate courts.

Because the record was by no means clear nor understandable, a hearing and conference were conducted on February 15, 1973, at which the plaintiff appeared with counsel and the defendants were represented by a representative of the Attorney General.

The chronology of events is as follows:

On May 30, 1972, Smith was serving an indeterminate sentence of seven to

nine years for robbery. He inquired of the Department of Correction about his release date and was informed by them in a May 30, 1972, form memorandum, in part, as follows:

"Minimum and approximate expiration date November 15, 1972.

"Sentences to be served consecutively 6 months—March 23, 1973."

A May 29, 1972 request to prison authorities for credit for time spent in jail awaiting appeal was denied, and Smith was referred to the sentencing court by an order of the Department of Correction dated June 5, 1972.

On June 2, 1972, Smith requested Judge Frank Snepp, the sentencing judge, to allow credit for time in jail awaiting trial. This request was denied by Judge Snepp [for the second time] on June 5, 1972.

On June 16, 1972, Smith filed his first petition with this court, requesting credit for fifty-five days of time in jail awaiting trial and seven months of time in jail awaiting appeal.

The first action following that petition was that Smith was brought to Mecklenburg County Superior Court and on July 27, 1972, was given three months of additional imprisonment for the May, 1971 escape. (The court assumes this is purely coincidental because Smith was apparently at liberty on this escape and therefore unavailable for trial from May 15, 1971, until March 23, 1972.) This three-month sentence was to run consecutively to a six-month sentence for escape that had previously been imposed in April, 1967.

The next thing that happened was this court's order of August 8, 1972, see Smith v. North Carolina, 346 F.Supp. 361, in which for at least the tenth time the Prison Department was directed to allow credit to a prisoner for time spent in prison awaiting trial or awaiting the outcome of appeal. Reference is made to that order, by which the defendants were directed to allow credit for time spent in jail, awaiting the outcome of his appeal, from September 13, 1965, to April 15,

1966. No order at that time was made by this court regarding the credit for fifty-five days of pretrial custody because it was assumed that that claim was moot.

Immediately upon receipt of the August 8, 1972 order, the Attorney General correctly advised the prison authorities that Smith should receive credit for the seven months of custody. The Attorney General's letter to that effect, dated August 9, 1972, also proceeds upon the assumption, as did the prisoner and as does this court, that this seven months of credit would make Smith eligible, as of August 9, 1972, for immediate release.

The Prison Department by letter of August 14, 1972, wrote back to the Attorney General and said that credit "has been given where applicable to the sentences being served."

What had really happened was considerably more complicated and questionable.

Upon receiving word of this court's August 9, 1972 order, Mr. Ben Baker, the Records Supervisor, had reported to the three-man Indeterminate Sentence Committee, one member being Captain R. C. Forrester, Superintendent of the Iredell County prison unit (see Worley v. Bounds, Forrester, et al., W.D.N.C., 355 F.Supp. 115, filed today,) Feb. 23, 1973, that the credit which had been ordered by this court would give Smith a minimum release date of April 13, 1972, which was four months *before* the August 9, 1972 date of this court's order. Smith, like Worley, is black.

The Committee then conferred by telephone and concluded that it would not be "in the best interests of the Department and the inmate" that he be released on the April 13, 1972 release date, and said that they would review the matter again "six months from the minimum date" (that would be in October).

In October action was again postponed. However, after the hearing in this court had been scheduled, the Committee remitted the balance of the sentence as of

January 31, 1973, leaving Smith with no active sentences except his six and three months sentences for escape.

No black marks had been made against petitioner's name since the May 30, 1972 memorandum had been written reporting him eligible for release from his indeterminate sentence on November 15, 1972.

The only new elements in the situation were Smith's several requests to Judge Snepp and to this court for credit —and this court's August 9, 1972 order allowing part of the credit requested.

No fresh evidence against Smith was available. The May, 1971 escape. was a year old, and the penalty for this offense had already been exacted by trial on this escape charge on July 27, 1972. It is unnecessary to inquire whether the double jeopardy clause prevents this escape from being used again to penalize petitioner by serving to increase the length of his custody under an indeterminate sentence.

Testimony by a prison official at the hearing indicated that unless good reasons were apparent a prisoner was normally released from an indeterminate sentence on his minimum release date. Petitioner contends that his sentences were recomputed and his penalty was extended because he actively sought credit for time in jail pending trial and appeal. The respondent offered no evidence to rebut the strong and rational inference in petitioner's favor that arises from a simple recital of the facts. The intent of the Indeterminate Sentence Committee in dealing with Smith's case has not been adequately explained.

■ Extending or increasing punishment because an inmate successfully petitioned a court is an unconstitutional denial of his right to unhampered access to the courts. Johnson v. Avery, 393 U. S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Coleman v. Peyton, 362 F.2d 905, 907 (4th Cir. 1966); Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970); Fortune Society v. McGinnis, 319 F. Supp. 901 (S.D.N.Y.1970); Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971).

Petitioner's checkered history is no excuse for denial of his constitutional rights.

■ Petitioner's right to relief is not barred simply because the sentence on which his credit should have been given has now at last been terminated. He is still serving the two consecutive sentences for escape, which are directly connected with his original imprisonment. The same state which denied him the credit is the one which now, based on the same continuous period of imprisonment, denies him liberty.

A court of equity would be derelict to allow the constitutional prohibition against double jeopardy to be cynically evaded by the sentence-juggling which has taken place here.

It is therefore ordered:

1. That for reasons above stated, petitioner is being unlawfully imprisoned.

2. That petitioner be given credit immediately, against his escape sentences, for:

(a) The fifty-five days spent in jail before trial; and

(b) The more than seven months of time spent in jail awaiting appeal, from September 13, 1965, to April 15, 1966.

3. That petitioner be released immediately and unconditionally.

4. That the Attorney General report immediately that this order has been complied with.