**John Edward SMITH, Appellee,**

v.

**STATE OF NORTH CAROLINA, Appellant.**

**No. 75–1590.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 24, 1975.

Decided Dec. 24, 1975.

Barry M. Storick, Charlotte, N. C. [Court-appointed counsel], for appellant.

Richard N. League, Asst. Atty. Gen., for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

By order dated August 8, 1972, the United States District Court for the Western District of North Carolina, at Charlotte, granted appellee Smith credit against a state sentence for the seven months which he spent incarcerated during the pendency of his appeal.[1] On August 10, 1972, the Indeterminate Sentence Committee of the North Carolina Department of Corrections decided that Smith should not be released on his minimum release date, which, because of the granting of the seven months credit, had already passed. Smith then sought habeas corpus relief, alleging that the decision of the committee was a result of his seeking through proper legal channels credit for time in jail pending trial and appeal.

On February 23, 1973, the District Court found Smith's allegations to be true, and, on the authority of *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and *Coleman v. Peyton*, 362 F.2d 905 (4th Cir. 1966), ordered his discharge from custody. *See Smith v. North Carolina*, 355 F.Supp. 217 (W.D. N.C.1973). Subsequently, on July 25, 1974, this Court vacated the decision of the District Court on the ground that there was insufficient evidence to support the finding that Smith's sentence was extended beyond the minimum release date on the basis of his seeking credit for time already served. *State of North Carolina v. Smith*, 501 F.2d 613 (4th Cir. 1974).

Upon remand, the District Court found that no meeting of the committee had ever taken place; that one supposed member of the committee had no recollection of ever having participated in the decision; that the affidavits which were filed by the State of North Carolina did not indicate what effect the court order dated August 8, 1972, had upon their deliberations; and that the affidavits did not reveal or describe the reasons for the committee's actions. From that evidence, the District Court drew the inference and found as fact that the petitioner's sentence was extended beyond the minimum release date as a consequence of his going to court and successfully claiming credit for jail time. As a result, Smith's immediate release from custody was ordered. It is from that decision and order which North Carolina now appeals.

North Carolina contends that the District Court erred in not immediately dismissing the complaint, since the burden of proof in a habeas corpus proceeding is on the petitioner, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Clayton v. Haynes*, 517 F.2d 577 (4th Cir. 1975), and the petitioner failed to offer any new evidence upon remand as to the committee's motivations. They also argue that the doctrine of the law of the case requires reversal because the petitioner has offered no new evidence upon remand after our decision in *State of North Carolina v. Smith*, 501 F.2d 613 (4th Cir. 1974), where we held that the evidence was insufficient to sustain the District Court's finding in favor of the petitioner. Finally, the state argues that the decision of the District Court was against the weight of the evidence.

■ When this case was first before this Court, we held that there was an insufficient factual basis to justify the inference that because Smith received his credit against sentence on August 8 and because his minimum release date was revised on August 10, then the Committee's action was a result of their reliance upon impermissible factors. However, we recognized the peculiar nature of petitioner's allegations and that he

1. The factual background of this case is exhaustively recounted in *State of North Carolina v. Smith*, 501 F.2d 613 (4th Cir. 1974).

Since seven months, credit was sufficient to free the prisoner, the District Court treated as moot the issue of whether the petitioner was also entitled to credit for fifty-five days of pre-trial custody.

would have nothing to add upon remand. Therefore, we instructed that:

> [T]wo members of the Indeterminate Sentence Committee, who were present and prepared to testify that they did not withdraw good time credit for any improper reason, were not heard. This testimony we think was important. Accordingly, further evidence should be taken, *especially including the testimony of the two Committee members just mentioned*, and additional findings of fact made by the District Court in order to determine on what basis the Committee denied early release. 501 F.2d at 615 (emphasis added).

Thus, our mandate to the District Court could be characterized as requiring that the state be afforded sufficient opportunity to rebut the inference that arose from the proximity of the court order to the revision of his minimum release date.

Consistent with our finding that "no presumption of prejudice can be implied *merely* from a recitation of the chronology," *id.*, the District Court sought to have North Carolina present the true rationale for the decision of the Indeterminate Sentence Committee. However, no live witnesses were called to testify to offer any other rationale for the Committee's action. Instead, the defendants filed affidavits which the judge below found to be conclusory and of little probative value. As a result, the District Court found as fact that the petitioner's sentence was extended by North Carolina because he had gone to court and successfully claimed credit for jail time. We cannot say that this finding was clearly erroneous.

■ The procedure followed by the District Court did not shift the burden of proof to the defendant. It is beyond dispute that an inference can sustain the burden of proof. To require more from the petitioner would be to emasculate our decision in *Coleman v. Peyton*, supra; usually, the only available evidence in this situation is the coincidence of the two dates. North Carolina was afforded the opportunity to present evidence to rebut the inference, but failed to do so.

■ Nor did the decision of the District Court violate the doctrine of the law of the case. Reversal by this Court on the basis of the sufficiency of the evidence precludes another holding by the District Court that the identical evidence is sufficient to sustain the verdict. *Virginia Electric & Power Co. v. N. L. R. B.*, 132 F.2d 390 (4th Cir. 1949). However, in this case, there *was* new evidence before the court, specifically, the six affidavits of the Corrections Department officials. Moreover, in light of the directive of this Court that the two members of the Indeterminate Sentence Committee be examined upon remand, the failure of North Carolina to call such witnesses raises an inference which was not found present in the first case. "[T]he unexplained failure of a party litigant to call a material witness to give evidence in his behalf supports an inference that such witness, if permitted to testify, would testify against the interests of the party failing to present this testimony." *Blow v. Compagnie Maritime Belge, S. A.*, 395 F.2d 74, 79 (4th Cir. 1968); *Southern Cross Steamship Co. v. Firipis*, 285 F.2d 651, 659 (4th Cir. 1960). Thus, we hold that introduction into evidence of the affidavits and the inference raised by North Carolina's failure to produce live witnesses when directed to do so by this Court, defeats the operation of the law of the case.

■ North Carolina also assigns as error the refusal of the district judge to grant their "Motion for Discretionary Recusal and for Certain Findings of Fact." 28 U.S.C. § 113, which requires a district judge to disqualify himself upon receipt of a sufficient affidavit of bias is not applicable to the instant case, since North Carolina failed to comply with any of the procedural requirements of that statute. However, even where there has been no compliance with the statute, it is within the discretion of the trial judge to refuse to hear the case on the grounds of personal prejudice or bias. *McNally v. American States Ins.*

*Co.*, 382 F.2d 748 (6th Cir. 1967). Since the trial judge's alleged prejudice did not arise from an extra-judicial source, but from his earlier participation in this case, his refusal to disqualify himself did not constitute an abuse of discretion. *United States v. Grinnell*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

Accordingly, the judgment of the District Court is affirmed.