**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Plaintiff,**

**v.**

**SEMI–TECH MICROELECTRONICS (FAR EAST) LIMITED, Defendant.**

**Bankruptcy No. 89–8191–8P1. Adv. No. 90–709.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 18, 1993.

Harley E. Riedel, Tampa, FL, David B. Potter, for debtor.

Joseph Bell, San Francisco, CA, Richard Nielsen, Tampa, for defendant.

William Goldman, North Miami Beach, FL, for Creditors Committee.

## ORDER ON MOTION FOR ENTRY OF JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion for Entry of a Judgment in the above captioned adversary proceeding. The Motion is filed by Bicoastal Corporation, d/b/a Simuflite f/k/a The Singer Company (Debtor). In order to place the Motion under consideration in proper focus the procedural history of this hotly-contested litigation between the Debtor and Semi–Tech Microelectronics (Far East) Limited (Semi–Tech) should be helpful.

The Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on November 10, 1989. Shortly after the commencement of the Chapter 11 case, Semi–Tech filed its claim in the approximate amount of $100 million based upon an alleged breach of the Trade Mark Assignment Agreement of May 26, 1989 (Agreement) between SSMC, Inc., which was later acquired by Semi–Tech, and the Debtor. The Debtor filed an Objection to the claim on December 17, 1990. The Objection was coupled with a counterclaim in which the Debtor set forth three claims in three separate counts.

In Count I, the Debtor sought damages for an alleged breach of the Agreement by Semi–Tech by failing to pay the Debtor royalty payments pursuant to the Agreement for the period April 15, 1989 to April 30, 1991. The claim in Count II is based on an allegation that Semi–Tech failed to comply with the previous Order entered by this Court on October 17, 1990 which approved the Settlement Agreement between the Debtor and Semi–Tech. In Count III, the Debtor sought declaratory relief and a determination of Semi–Tech's obligation to pay the Debtor royalty payments in the future.

After extensive discovery, an evidentiary hearing was held on June 3, 1992, at the conclusion of which this Court took the issues tried under advisement. Subsequently, after having reviewed extensive post-trial submissions by the parties, this Court entered its Memorandum of Opinion in which it made extensive findings, and detailed conclusions, and ruled that the Debtor's Objection to Semi–Tech's claim was valid and that Semi–Tech's claim should be disallowed. In addition, this Court also concluded that Semi–Tech, in fact, had breached the Agreement by failing to pay to the Debtor the royalty payments of 1.5% of gross sales of specified goods, and by failing to furnish the periodic regular accounting of gross sales, both of which were required by the Agreement.

Although this Court ruled as to the liability of Semi–Tech, the actual calculation of the royalties due from the Semi–Tech entities was deferred pending oral argument on the unresolved issue of the proper method of calculating the amount of the royalties. The calculation of the royalties required the determination by this Court of whether or not Singer Europe, Singer Thailand, Singer Japan, Singer–India and Singer–Turkey are liable for royalties on sales conducted by them pursuant to the Agreement. The Order further provided that after resolving the proper calculation of royalty payments due, this Court would enter a separate Final Judgment in favor of the Debtor and against Semi–Tech setting forth the amount of the award.

On November 16, 1992, this Court entered its findings and conclusions which provided, in relevant part, that the Debtor is entitled to money damages for unpaid royalties based on the sales made by Singer Europe, Singer Thailand and Singer Japan. More importantly, the Order also provided that the Debtor is entitled to royalties based on sales by Singer–India and Singer–Turkey, and directed Semi–Tech to provide the Debtor a statement by a certified independent auditor setting forth the total gross sales made by these entities through the relevant period in order to allow the Court to enter a judgment in a liquidated amount with regard to these royalties.

On December 4, 1992, this Court entered a Final Judgment in favor of the Debtor and against Semi–Tech in the amount of $45,179,000.00 together with interest, at the contract rate of 17% per annum. It is important to note that the last ordering paragraph of the Final Judgment directed Semi–Tech to render a full accounting of the gross sales by Singer–India and Singer–Turkey in accordance with the provisions of the Findings of Fact, Conclusions of Law and Memorandum Opinion dated November 16, 1992. This Order expressly reserved jurisdiction to consider what royalties, if any, are due from Singer–India and Singer–Turkey after the Debtor received a statement by a certified and independent auditor setting forth the total amount of gross sales made by these entities.

On December 11, 1992, Semi–Tech filed a Notice of Appeal from the Final Judgment entered on December 4, 1992. It is without dispute that Semi–Tech did comply with the Final Judgment and timely filed the report of gross sales of Singer–India and Singer–Turkey. According to the figures furnished by Semi–Tech, the entities had a combined gross sales during the period between April 15, 1989 and April 7, 1991 of $140,658,000.00, and based on the royalty formula of the Agreement, this equals $2,109,870.00 due to the Debtor together with interest up to and including April 7, 1993 of $923,371.00, and with the interest accruing at the rate of $983.00 per day after April 7, 1993.

Based upon the foregoing, the Debtor seeks by its Motion a supplemental Final Judgment against Semi–Tech in the amount of $3,033,241.00 for past due royalty payments and interest. The Motion is, of course, opposed by Semi–Tech who challenges the Debtor's right to the Supplemental Final Judgment in view of Semi–Tech's pending appeal.

First, Semi–Tech contends that the filing of the notice of appeal divests this Court of jurisdiction over any matters involved in the controversy between the Debtor and Semi–Tech, and therefore, this Court does not have jurisdiction to entertain the Motion. In support of this first proposition, Semi–Tech relies on the case of *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). In *Griggs,* the Supreme Court held that the filing of a notice of appeal divests the trial court of jurisdiction over those aspects of the case which are involved in the appeal and this principle equally applies to proceedings in bankruptcy. *In re Bialac,* 15 B.R. 901, 903 (9th Cir.BAP 1981) *aff'd,* 694 F.2d 625 (9th Cir. 1982); and this Court's decision in the case *In re Urban Development Ltd, Inc.,* 42 B.R. 741, 743 (Bankr.M.D.Fla.1984).

Second, Semi–Tech contends that the appeal which is now pending before the District Court involves the very issues which are involved in this particular Motion under consideration. In its Motion, Bicoastal seeks a supplemental judgment in the principal amount of $2,110,000.00 for royalties allegedly due on gross sales of Singer–India and Singer–Turkey. According to Singer–Turkey, this request touches directly and also indirectly on several issues that are the subject of Semi–Tech's appeal. Based on the foregoing, Semi–Tech contends that in view of the pending appeal it is not only inappropriate to consider the Motion of the Debtor but this Court lacks jurisdiction to grant the relief sought.

Third, in opposition, Semi–Tech further contends that the Declaratory Judgment Act does not permit the filing of a Motion for Supplemental Relief in the circum-

stances involved in this instance. The Declaratory Judgment Act, 28 U.S.C. § 2202 permits the filing of a Motion for Supplemental Relief only where no appeal has been filed and the Judgment has become final, or after the Judgment has been affirmed on appeal, *citing, Horn & Hardart Co. v. National R.R. Passenger Corp.*, 659 F.Supp. 1258, 1261–62 (D.D.C.1987), *aff'd*, 843 F.2d 546 (D.C.Cir.), *cert. denied*, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988). Thus, Semi–Tech contends that the present Motion is premature and may only be considered when the appeal or appeals are resolved in the Debtor's favor.

Lastly, it is the contention of Semi–Tech that in any event the royalty claim against Singer–India and Singer–Turkey is barred by the principle of *res judicata*, and therefore, the Debtor is not entitled to the relief it seeks in its Motion.

■ Concerning the propositions urged by Semi–Tech, seriatim, first, this Court is satisfied that the authorities cited by counsel for Semi–Tech do correctly summarize the law in general and facially would require that this Court defer action on the Motion until after the appeal is decided in favor of the Debtor, as the principle set forth in *Griggs*, *supra*, was designed to prohibit any action by a trial court which would directly or indirectly impact, hinder or complicate the pending appeal. It is equally clear however, that to interpret the *Griggs* rule in the vacuum and to grant the rule in its broadest possible scope, as urged by Semi–Tech, would be improper and would not support the underlying basic principle of the rule.

■ The *Griggs* rule is not absolute. One exception to the rule is that the lower court does not lose jurisdiction to proceed as to matters which are in aid of the pending appeal. *In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.11 (2d. ed. 1991); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure* § 3949 & 1991 Supp. This rule is described as a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the

same issues before two courts at the same time." *Thorp, supra*. For instance, there is no question that when a Notice of Appeal has been filed, the trial court is stripped of jurisdiction during the pendency of the appeal regarding pre-judgment interest on a counterclaim, *In re Piamco, Inc. v. Shell Oil Company*, 799 F.2d 262 (7th Cir. 1986). So long as the exercise of jurisdiction by the trial court is to consider matters which are in aid of appeal and do not violate the *Griggs* rule, it is appropriate to exercise this jurisdiction. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981).

In the present instance, the Motion requests a calculation of the royalties claimed to be due from Singer–India and Singer–Turkey. This is merely a mathematical calculation based on the gross sales reports furnished by Semi–Tech after entry of the Final Judgment against the other entities. Whether or not the Debtor is entitled to any royalties under the Agreement, not only from Singer–India and Singer–Turkey but also from the other entities, is the very issue on appeal. Thus, the entry of the Order on the Motion would place the District Court in a position to resolve the entire controversy, that is, the legal right of the Debtor to recover royalties not only from the entities originally included in the Final Judgment, but also royalties due, if any, from Singer–India and Singer–Turkey. This certainly would serve judicial economy and would avoid the necessity of a double appeal.

In sum, this Court is satisfied that Semi–Tech's argument that this Court lacks jurisdiction to act upon this Motion is without merit. It is clear that the entry of an Order on the Motion would not violate the *Griggs* rule because it would not hinder the appeal process but, on the contrary, assist the appeal process enabling the reviewing court to rule on all the relevant issues in this controversy in one appeal. Based upon the foregoing, the entry of Supplemental Judgment against Singer–India and Singer–Turkey serves to aid the appellate process.

■ Next, Semi–Tech contends that the Declaratory Judgment Act 28 U.S.C.

§ 2202 does not permit supplemental relief in the circumstances presented here. This contention is equally without merit for the following reasons: what is sought here by the Debtor is not a request to carry out the rulings in a declaratory judgment action entered pursuant to 28 U.S.C. § 2202 but instead, is nothing more than the entry of a supplement to the original judgment which has already determined the liability of Semi–Tech and also determined a money judgment against entities other than Singer–India and Singer–Turkey.

The reliance by Semi–Tech on *Horn & Hardart,* 843 F.2d 546 (D.C.Cir. 1988) for the proposition urged is misplaced. A careful reading of the decision of the Court of Appeals in *Horn & Hardart* clearly indicates that, under the "further relief" provision, further relief may be granted, after reasonable notice and hearing, against any adverse party whose rights already have been determined by such judgment. Moreover, in *Horn & Hardart* the Court of Appeals, speaking through Judge Wald, concluded that the "further relief" provisions of both state and federal declaratory judgment statutes clearly anticipate ancillary or subsequent coercion to make an original declaratory judgment effective. Neither a completed appeal, *see, McNally v. American States Insurance Co.,* 339 F.2d 186, 187, 188 (6th Cir.1964) (per curiam), nor a considerable period of delay after the trial court ruling, *see, Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.,* 255 F.2d 518 (2d Cir.) *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958), extinguishes this authority. The further relief permitted by 28 U.S.C. § 2202 was designed to carry out the principle that every court, with few exceptions, has inherent power to enforce its own decrees and to make such orders as may be necessary to render them effective. *Horn & Hardart, supra.*

This is especially true in the present instance since the Debtor's right to royalties on sales made by Singer–India and Singer–Turkey was part and parcel of the entire litigation and were not completed only because Semi–Tech did not furnish the required accounting of gross sales until after the entry of the original Final Judgment. It should be pointed out that the Memorandum of Opinion of this Court entered on November 16, 1992 expressly provided that the amount of royalties due from Singer–India and Singer–Turkey would be determined after Semi–Tech provided the Debtor a statement, certified by its independent auditor, setting forth the amount of gross sales by these entities.

This Court is not oblivious of its own decision in the matter of *Urban Development, supra.* Semi–Tech's reliance on *Urban Development* fails to furnish scant, if any, support to its contention that this Court should not entertain the Motion under consideration. In *Urban,* this Court granted a Motion to Lift the Automatic Stay, which Order was appealed. As a result, the mortgagee was authorized to institute a foreclosure action in a non-bankruptcy forum to enforce its mortgage lien against the subject property. The issues on appeal were limited to this Court's determination that, first, the debtor did not have any equity in the subject property; second, the subject property was not needed for effective reorganization; and third, the Debtor was not in a position to furnish adequate protection to the mortgagee. During the pendency of the appeal, the debtor filed a Complaint and sought to sell part of the subject property free and clear of the mortgagee. It was the mortgagee's contention that the Court lacked the jurisdiction to entertain the request of the debtor to sell part of the mortgaged property due to the pendency of the appeal. This Court pointed out that the fact that the granting of the Motion for Relief from the Stay had no relevance to the statutory right of the debtor to sell property of the estate free and clear pursuant to § 363(f) of the Bankruptcy Code. For this reason, this Court in *Urban* concluded that the pendency of the appeal had no impact on the jurisdiction of this Court and this Court's authority to consider the debtor's request to sell the property free and clear of liens notwithstanding the pendency of the appeal.

In view of the foregoing, this Court is satisfied that the entry of a supplement to the original Final Judgment inasmuch as the Motion seeks only the amount of the Singer–India and Singer–Turkey liability, which has already been established by this Court's original judgment. As such, supplemental relief has not been granted the Debtor, and therefore, the argument of Semi–Tech fails.

Lastly, Semi–Tech's assertion that the doctrine of *res judicata* forecloses the entry of an amended judgment is equally without merit. This argument is based on the proposition that in light of the fact that the Final Judgment entered on December 4, 1992 did not fix the amount of royalties due from Singer–India and Singer–Turkey, it is too late now to obtain such a determination because of the principle of *res judicata*. Even a cursory analysis of the records of this Court, including the Memorandum of Opinion entered on November 16, 1992 and the Final Judgment itself, especially its reference back to the Memorandum of Opinion, leaves no doubt that this Court expressly reserved jurisdiction to enter a supplementary judgment fixing the amounts of royalties due after the receipt of the gross sales of Singer–India and Singer–Turkey. This report was filed after the entry of the Final Judgment. In sum, this Court is satisfied that none of the arguments advanced by Semi–Tech have any merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Reorganized Debtor, Bicoastal Corporation's Motion For The Entry Of Judgment Regarding Royalties Due For Singer–India and Singer–Turkey is hereby granted. A Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.