**In re Paul C. VELTE, IV.**

**No. 03–04–00106–CV.**

Court of Appeals of Texas,
Austin.

April 8, 2004.

Jessica Watson, Austin, for Relator.

John J. McKetta III, Graves, Dougherty, Hearon & Moody, PC, Austin, for Real Party In Interest.

Before Chief Justice W. KENNETH LAW, JUSTICES B.A. SMITH and PURYEAR.

## *OPINION*

W. KENNETH LAW, Chief Justice.

In this mandamus proceeding, relator Paul C. Velte, IV complains of a trial court's order granting a motion for sanctions against him. Velte contends that the trial court's plenary jurisdiction had expired at the time it issued its order granting sanctions, and therefore, the court's order is void. We agree. And because the order is void, Velte need not show that he has no adequate remedy by appeal; mandamus relief is the appropriate remedy. Accordingly, we will conditionally grant Velte's petition for writ of mandamus.

## PROCEDURAL BACKGROUND

Velte, an attorney, represented Thomas Shewalter in a suit he filed against real party in interest Jerald Winetroub Company ("JWC"), Jerald Winetroub, individually and as co-executor of the estate of Frances W. Winetroub, and Nelson R. Winetroub.[1] JWC filed a response to the petition along with a motion for sanctions.[2] Sometime before trial, Shewalter nonsuited JWC; the cause, however, was not severed. The remaining claims against the other two defendants were tried to a jury on July 24, 2003. Following the trial, the trial court rendered judgment that Shewalter take nothing by his claims, in accordance with the jury's verdict. The judg-

ment, dated August 29, 2003, includes the handwritten word "interlocutory" in its heading and states that it disposes of "all claims" by the plaintiffs as to "all parties," except for the motions for sanctions filed by JWC and Jerald Winetroub. Shewalter filed a motion for new trial, which was overruled on August 29, 2003. On November 24, 2003, the trial court signed an order granting JWC's motion for sanctions against Shewalter's attorney, Velte.

## DISCUSSION

### Standard of Review

■ Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy on appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex.1998); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Thus, in our analysis, we must first determine whether the trial court committed a clear abuse of discretion and second, whether Velte had an adequate remedy by appeal.

### Abuse of Discretion

The issue presented by this mandamus proceeding is whether the trial court maintained plenary jurisdiction when it rendered its order granting JWC's motion for sanctions. To resolve this issue, we must first determine whether the trial court's judgment following the jury trial was a final judgment, in spite of the trial court's characterization of it as interlocutory.

The facts of this mandamus proceeding are almost identical to those in *Jobe v. Lapidus,* 874 S.W.2d 764 (Tex.App.-Dallas 1994, writ denied). There, the trial court rendered an "interlocutory" summary

---

1. Shewalter initially sued only JWC; he added the other defendants in subsequent amended petitions.

2. The trial court's judgment suggests that Jerald Winetroub also filed a motion for sanctions, but that motion was not included in the record or appendices filed with this Court.

judgment on February 9, 1993, by which it disposed of all claims except for a motion for sanctions. *Id.* at 765. Later, on March 24, the trial court signed a "final judgment" by which it disposed of the motion for sanctions. *Id.* On May 27, the court signed a "corrected" final judgment, which modified the award of sanctions. *Id.* The Dallas court of appeals dismissed an appeal of the May 27 judgment for want of jurisdiction, explaining that, notwithstanding the trial court's characterization of its initial February 9 judgment as "interlocutory," a judgment is final if it disposes of all the parties and issues as determined by the pleadings. *Id.* at 765–66. A motion for sanctions is not a pleading that determines issues that must be resolved in a case, the court continued, and a sanctions order is likewise not a judgment. *Id.* Therefore, the trial court's February 9 summary judgment was a final judgment, and the trial court's plenary jurisdiction expired thirty days after that judgment was rendered; the court's subsequent March 24 and May 27 judgments were void because the court no longer had jurisdiction to render them. *Id.* at 766, 768; *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 312 (Tex.2000) (agreeing with Dallas court of appeals' characterization of judgment as final even though it did not dispose of motion for sanctions: "While we agree that a judgment does not have to resolve pending sanctions to be final, that principle does not control this case.").

As in the *Jobe* case, the judgment at issue in this mandamus proceeding disposed of all issues and parties, except for the motion for sanctions. And because the motion for sanctions is not a pleading that determines the issues to be resolved in the case, the fact that it was not disposed of in the court's judgment did not make the judgment interlocutory.

JWC in its response to the petition for writ of mandamus urges us to consider the trial court's intent in determining whether its judgment was final or interlocutory, citing *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex.2001). In *Lehmann* the supreme court held that a review of the record may help determine whether a judgment disposes of all parties and claims and is therefore final, even though it should have been interlocutory because no sufficient basis for rendering a final judgment was presented. *Id.* at 205–06. A review of the record may also reveal that an order should *not* be regarded as final despite language in the order that might indicate otherwise. *Id.* at 206. The supreme court, however, did not hold the reverse to be true; that is, the trial court's intent cannot convert an otherwise final judgment—one that disposes of all parties and claims—into an interlocutory one. Indeed, the supreme court explained that a judgment that disposes of all parties and issues is a final judgment, notwithstanding language characterizing it otherwise:

A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims.... The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case.

*Id.* at 200.

Because the trial court's August 29 judgment disposed of all parties and issues to be resolved as presented by the pleadings, we hold that the trial court's August 29 judgment was a final judgment, notwithstanding the trial court's characterization of it as interlocutory. The trial court's

plenary jurisdiction therefore expired thirty days after it overruled the motion for new trial—September 29. When the court granted the motion for sanctions on November 24, it no longer had jurisdiction to do so; the order was therefore void, and the trial court abused its discretion in issuing the order.

**Adequate Remedy**

■ Having determined that the trial court abused its discretion, the next question then is whether Velte has an adequate remedy by appeal. The supreme court has held that when a trial court exceeds its jurisdiction in issuing an order, the order is void, the relator need not show that he had no adequate remedy by appeal, and mandamus relief is appropriate. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). Accordingly, Velte need not show the lack of an adequate remedy by appeal; mandamus relief is appropriate in this case.

## CONCLUSION

We hold that the trial court's August 29 judgment was a final judgment because it disposed of all parties and issues as determined by the pleadings. The trial court no longer maintained plenary jurisdiction on November 24, when it attempted to grant JWC's motion for sanctions, and its order granting the sanctions is therefore void. Mandamus relief is the appropriate remedy when a trial court issues an order beyond its jurisdiction. Accordingly, we conditionally grant the writ of mandamus. The writ will issue only in the event that the trial court fails to comply with this opinion.