TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00368-CV







Henna Chevrolet, L.P., Appellant



v.



GEICO General Insurance Company, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 269961, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Appellee GEICO General Insurance Company (GEICO) has filed a motion to dismiss
this appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a). GEICO contends that appellant
Henna's notice of appeal, filed June 16, 2004, was late. Whether Henna's notice of appeal was late
depends on whether the summary judgment of March 24, 2004 was final. We conclude the judgment
was final and therefore the notice of appeal was late. Accordingly, we grant GEICO's motion to
dismiss and dismiss the appeal for want of jurisdiction. See id.


Amended Pleadings


 Henna contends that the summary judgment was not final because it did not dispose
of all parties--specifically, Star-Rite Towing. GEICO answers that it had amended its pleadings so
that Star-Rite was no longer a party at the time of the summary judgment. Therefore, the judgment
disposed of all parties before the court.

 A plaintiff can dismiss a party or cause of action by amending its pleadings to omit
that party or cause of action. The amended petition or pleading supersedes all prior petitions. See
Tex. R. Civ. P. 62, 63. When a party's name is omitted from an amended pleading, that party is as
effectively dismissed as when a formal order of dismissal has been entered. See Randolph v. Jackson
Walker, LLP, 29 S.W.3d 271, 274-75 (Tex. App.--Houston [14th Dist.] 2000, writ denied);
Hanmore Dev. Corp. v. JBK Enters., 776 S.W.2d 738, 740 (Tex. App.--Corpus Christi 1989, writ
denied); Mercure Co., N.V. v. Rowland, 715 S.W.2d 677, 679 (Tex. App.--Houston [1st Dist.] 1986,
writ ref'd n.r.e.). That a party' s name remains in the style of a case does not override an amendment
that removes them from the case. See Green v. Vidlak, 76 S.W.3d 117, 120 (Tex. App.--Amarillo
2002, no writ); Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods, 735 S.W.2d 558 (Tex.
App.--Dallas 1987, writ ref'd n.r.e.).

 Plaintiff GEICO first named as defendants Henna Chevrolet, L.P. and Star-Rite
Towing in a suit arising out of property damages alleged to have been sustained by its insured's
automobile while in their possession. GEICO, in its third amended petition, omitted Star-Rite as a
defendant. This amendment left Henna as the only named defendant. However, Henna argues that
the third amended petition was ambiguous. A review of the third amended petition shows that only
one defendant, Henna, was listed in the paragraph enumerating the defendants, as compared to the
second amended petition naming both Henna and Star-Rite as defendants. Star-Rite is mentioned
only once in the third amended petition: "On or about July 16-27, 2001, Plaintiff's insured, Monty
Morrow's 1999 Chevrolet Corvette was delivered by, MDSCJH STAR RITE TOWING to
Defendant, HENNA CHEVROLET, L.P. D/B/A HENNA LEASING'S care . . . ." The third
amended petition is not ambiguous and effectively dismissed Star-Rite from the cause as a party. 
See Mercure, 715 S.W.2d at 679.

 Nevertheless, Henna contends that the amendment to the pleadings was not effective
to remove Star-Rite from the litigation because the trial court did not sign an order dismissing Star-Rite. Henna relies on In re Bennett, 960 S.W.2d 35 (Tex. 1997) and Park Place Hospital v. Estate
of Milo, 909 S.W.2d 508 (Tex. 1995). These cases are inapposite because both involved pending
motions for non-suit. (1) A motion is an application for action by the court. See Crain v. San Jacinto
Sav. Ass'n (Tex. App.--Houston [14th Dist.] 1989, writ dism'd w.o.j.); Lindley v. Flores, 672
S.W.2d 612, 614 (Tex. App.--Corpus Christi 1984, no writ). Pleadings, if they sufficiently pre-date
the trial, may be submitted and amended freely by the parties without the necessity of court action. 
See Crain, 781 S.W.2d at 639 (citing Tex. R. Civ. P. 63). Therefore, no court order of dismissal was
necessary; after the amendment to the pleadings, Star-Rite was no longer a named defendant. 
Accordingly, at the time of the summary judgment, there was only one defendant remaining, Henna,
who was disposed of by the judgment.





Sanctions


 Henna also contends that its motion for sanctions prevented the judgment from being
final, as it did not dispose of all pending issues. However, Henna's motion for sanctions is not a
claim for affirmative relief whose pendency would have prevented the summary judgment from
being final.

 A motion for sanctions is not a pleading nor a claim for affirmative relief. See In re
Velte, 140 S.W.3d 709, 711 (Tex. App.--Austin 2004, orig. proc.); Jobe v. Lapidus, 874 S.W.2d
764, 766 (Tex. App.--Dallas 1994, writ denied); Crain v. San Jacinto Savings Ass'n, 781 S.W.2d
638, 639 (Tex. App.--1989, writ dism'd). To be a claim for affirmative relief, a defensive pleading
must allege that the defendant has a cause of action independent of the plaintiff's claim on which he
could recover benefits even if the plaintiff were to abandon his cause of action or fail to establish it. 
BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 840-41 (Tex. 1990); General Land Office v.
Oxy USA, Inc., 789 S.W.2d 569, 570 (Tex. 1990). A pending motion for sanctions does not affect
whether a judgment is final. See Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308 (Tex.
2000). Such a motion must be heard while the trial court retains plenary jurisdiction. Scott & White
Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996); Velte, 140 S.W.3d at 712.

 Appellant's motion for sanctions depends upon whether appellee's claim against it
was frivolous at the time of filing and was not a claim for affirmative relief. Accordingly, the
pending motions for sanctions did not mean that the judgment of March 24, 2004 was interlocutory. 
That judgment actually disposed of all parties and issues in front of the court. Because no motions
that would have extended the appellate timetable were filed, the notice of appeal was due April 23,
2004. The notice of appeal filed on June 16, 2004 was late and could not confer jurisdiction on this
Court. See Tex. R. App. P. 25.1(b); City of Lancaster v. Texas Natural Res. Conservation Comm'n,
935 S.W.2d 226, 227 (Tex. App.--Austin 1996, writ denied). Accordingly, we dismiss the appeal
for want of jurisdiction. See Tex. R. App. P. 42.3(a).



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton


Dismissed for Want of Jurisdiction


Filed: January 25, 2005
1. Although a motion for nonsuit is effective when filed, the appellate timetable begins on the
date the trial court signs an order of dismissal. Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496
(Tex. 1995); Hervey v. Flores, 975 S.W.2d 21, 23-24 (Tex. App.--El Paso 1998, pet. denied).