**In re STATE of Texas.**

**No. 03–04–00684–CV.**

Court of Appeals of Texas,
Austin.

Feb. 14, 2005.

———

Don Cruse, Asst. Solicitor Gen., Austin, for Relator.

Javier P. Guajardo, Jr., Guajardo & Guajardo, PLLC, Austin, Jose Garza, San Antonio, Daniel R. Torrez, Dallas, for Real Parties in Interest.

Before Chief Justice LAW, Justices B.A. SMITH and PURYEAR.

## OPINION

BEA ANN SMITH, Justice.

The State of Texas filed a petition for a writ of mandamus with this Court contending that the district court issued a void order assessing attorneys' fees in a case after this Court's mandate had issued. Because we hold that the trial court had jurisdiction over the parties and the subject matter at issue, we deny the petition.

## BACKGROUND

The State's petition arises out of proceedings in the district court following the issuance of our mandate in *Anderson Courier Service v. State of Texas*, 104 S.W.3d 121 (Tex.App.-Austin, March 6, 2003). In *Anderson*, we considered the constitutionality of a statute prohibiting the use of accident reports generated by the Texas Department of Public Safety or other governmental agencies for pecuniary gain. *Id.* at 123. Businesses that were engaged in collecting and selling accident reports, reviewing accident reports, or using those reports for solicitation purposes (whom we will collectively refer to as "Anderson Courier") brought suit under the declaratory judgment act seeking a declaration that the statute is unconstitutional, an injunction restraining enforcement of the statute, and attorneys' fees. *Id.* at 122–23. The district court found in favor of the State, upheld the constitutionality of the statute, and denied Anderson Courier's request for attorneys' fees. *Id.* at 123. Anderson Courier appealed to this Court contending that the district court erred by upholding the statute and by denying the requested temporary injunction; they sought a remand to the district court for further proceedings. Anderson Courier did not raise the denial of their request for attorneys' fees as an issue on appeal. This Court agreed with Anderson Courier that the statute unconstitutionally regulated commercial speech; we reversed the district court's judgment and rendered judgment. *Id.* at 126. Our mandate specifically reversed and rendered judgment and further ordered that "appellees pay all costs relating to this appeal, both in this Court and the court below." An attached bill of costs itemized the fees paid to the clerk's office and the cost of the reporter's and clerk's records.

After the State's petition for review was denied by the supreme court, Anderson Courier filed a motion in the district court seeking attorneys' fees. This motion was later incorporated into a motion for supplemental relief pursuant to section 37.011

of the declaratory judgment act which also sought a permanent injunction against the enforcement of the statute. The State filed a plea to the jurisdiction contending that the district court lacked jurisdiction to enter an award of attorneys' fees. The district court denied the plea to the jurisdiction holding that Anderson Courier was

> not prohibited by the Mandate issued in this cause from seeking supplemental relief as authorized by Section 37.011 of the Texas Declaratory Judgment Act; provided, however, that the Court reserves ruling on whether such supplemental relief can or should include an award of attorneys' fees.

While litigation over the issue of attorneys' fees continued, Anderson Courier reached an agreement in which the Travis County Attorney agreed to permanently refrain from enforcing the statute and Anderson Courier agreed not to seek attorneys' fees from Travis County or the Travis County Attorney. The suit against the State remained, and the district court ultimately held that attorneys' fees were appropriate and awarded $368,857 in attorneys' fees at the trial level, plus interest, to Anderson Courier pursuant to sections 37.009 and 37.011 of the declaratory judgment act. The State filed both a notice of appeal from the district court's judgment and this petition for a writ of mandamus.

## DISCUSSION

The issue raised in this petition is limited to the question of the district court's jurisdiction to consider Anderson Courier's request for attorneys' fees after this Court had rendered judgment and issued its mandate. So long as the district court had jurisdiction, the district court's order is not void, the question of attorneys' fees is appropriately heard on appeal, and the petition should be denied.[1]

■ Mandamus is proper if a trial court issues an order beyond its jurisdiction. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000). We recently explained that "when a trial court exceeds its jurisdiction in issuing an order, the order is void, the relator need not show that he had no adequate remedy by appeal, and mandamus relief is appropriate." *In re Velte,* 140 S.W.3d 709, 712 (Tex.App.-Austin 2004, orig. proceeding).

■ "Jurisdiction refers to a court's authority to adjudicate a case." *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003); *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000). So long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Reiss,* 118 S.W.3d at 443; *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). "A court's action contrary to a statute or statutory equivalent" that does not involve jurisdiction merely renders the judgment voidable so that it may be "corrected through the ordinary appellate process or other proper proceedings." *Reiss,* 118 S.W.3d at 443.

The State contends that, after this Court rendered judgment in the appeal, the district court only had jurisdiction to enforce the appellate mandate. *See Dallas County v. Sweitzer,* 971 S.W.2d 629, 630 (Tex.App.-Dallas 1998, no pet.) (district court has no

---

1. By contrast, the dissent discusses issues of waiver and the merits of whether Anderson Courier's request for attorneys' fees constitutes necessary and proper supplemental relief under section 37.011 of the declaratory judgment act. This is presumably because the dissent believes that the issue of jurisdiction is interrelated with the merits of Anderson Courier's claim. Because we do not find that subject matter jurisdiction is implicated, we will refrain from addressing the dissent's arguments on the merits so as to avoid prejudging the State's appeal pending before us.

jurisdiction to review or interpret appellate judgment). Our mandate only ordered the State to pay "costs" relating to the appeal, and thus, the state argues that the award of attorneys' fees was beyond the scope of the mandate and outside of the district court's jurisdiction.

There is a legitimate question as to whether a trial court's order that is outside of the scope of an appellate mandate is void or merely voidable. The Houston Court of Appeals, Fourteenth District, thoroughly discussed the issue in *Madeksho v. Abraham, Watkins, Nichols, & Friend*, 112 S.W.3d 679, 685 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (en banc), and concluded that a trial court may abuse its discretion by issuing an order beyond the scope of an appellate mandate, but that subject-matter jurisdiction is not raised. The Dallas Court of Appeals has expressed the opposite position. *See Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex.App.-Dallas 1998, no pet.); *but see Kenseth v. Dallas County*, 126 S.W.3d 584, 599 (Tex.App.-Dallas 2004, pet. denied) (order not void where trial court misinterpreted mandate). However, we need not resolve this question in this case because we find that the trial court had jurisdiction under section 37.011 of the declaratory judgment act.

■ Our review of the record indicates that the district court awarded attorneys' fees as supplemental relief pursuant to section 37.011 of the declaratory judgment act. The issue was clearly framed as such in the district court's order denying the State's plea to the jurisdiction and the final judgment awarding attorneys' fees cited sections 37.009 and 37.011 of the declaratory judgment act, not the appellate mandate.

■ Section 37.011 allows for further relief based on a declaratory judgment upon a showing that the relief is "neces-sary and proper." Tex. Civ. Prac. & Rem. Code Ann. § 37.011 (West 1997); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 156 (Tex.App.-Austin 1998, no pet.). Although we agree with the State that the declaratory judgment act does not independently create jurisdiction or substantive rights, *see Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712–13 (Tex.App.-Austin 2003, pet. denied), section 37.011 of the act allows for the district court to grant relief ancillary to a prior declaratory judgment. *See Genecov Group Inc. v. Roosth Prod. Co.*, 144 S.W.3d 546, 553 (Tex.App.-Tyler 2003, pet. denied); *Moore*, 985 S.W.2d at 157.

■ Courts have granted supplemental relief under the declaratory judgment act after an appeal and may award relief not requested on appeal. In *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335 (Tex. App.-Dallas 1973, no writ), Valley Oil successfully challenged, in the trial court, a city ordinance that would have forced it to close a gas station. The city appealed the issue of whether the ordinance was valid but did not raise the trial court's denial of an injunction restraining Valley Oil from operating the gas station. The court of appeals reversed and rendered judgment that the ordinance was valid. *Id.* After the mandate from the court of appeals issued, the city again sought an injunction against Valley Oil based on the ordinance. *Id.* The trial court granted the injunction, and Valley Oil appealed contending that the City did not raise the issue of the injunction on appeal and was, therefore, precluded from further litigation on the matter. *Id.* The court of appeals affirmed the trial court's order granting the injunction. *Id.* at 336. Despite the fact that the issue was not raised on appeal, the court explained that the city was entitled to further relief

under the declaratory judgment act:[2]

The rationale for this apparent departure from the usual rule of res judicata is that the losing party in a declaratory judgment act can normally be expected to recognize the rights declared by the judgment and act accordingly, but that if he fails to do so, the court should have ample power to enforce the judgment by subsequent coercive orders, whether or not such relief was sought in the original action.

*Id.* at 336. The court of appeals specifically addressed the issue of jurisdiction, holding that the supplemental relief provision of the declaratory judgment act established jurisdiction, and that a request for relief may properly be brought in the same suit in which the original declaratory relief was granted. *Id.*

The dissent cites *Howell v. Texas Workers' Compensation Commission* and *Valley Oil* for the proposition that the court's *power* to grant ancillary relief under section 37.011 requires a showing that a party will not comply with the underlying declaratory judgment. *See Howell,* 143 S.W.3d 416, 433 (Tex.App.-Austin, no pet. h.); *Valley Oil,* 499 S.W.2d at 335–36. These cases confirm that the party seeking supplemental relief must make a showing that the requested relief is necessary and proper to enforce the declaratory judgment. *See Howell,* 143 S.W.3d at 433; *Valley Oil,* 499 S.W.2d at 335–36. They do not hold that a trial court lacks subject matter jurisdiction absent such a showing. A trial court's jurisdiction to act does not simply dissolve if an appellate court later disagrees with that court's determination that the relief was necessary and proper.

We also look to federal case law because section 37.002(c) of the declaratory judgment act compels us to construe the statute in harmony with federal law concerning declaratory judgments. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.002(c) (West 1997). The federal declaratory judgment act contains a "further relief" provision similar to our statute. *See* 28 U.S.C. § 2202. Section 2202 authorizes the federal courts to grant "further necessary or proper relief based on a declaratory judgment or decree." *Id.* A number of federal court decisions have made it clear that a trial court has jurisdiction to consider a request for "further relief" under the federal declaratory judgment act at any time, even after a completed appeal. *See Insurance Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.,* 966 F.2d 847, 851–52 (4th Cir.1992) (court retains jurisdiction to grant further relief to give effect to a declaratory judgment); *Horn & Hardart Co. v. National Rail Passenger Corp.,* 843 F.2d 546, 548 (D.C.Cir.1988) (neither completed appeal nor lengthy period of delay deprives trial court of jurisdiction under 28 U.S.C. 2202); *McNally v. American States Ins. Co.,* 339 F.2d 186, 187 (6th Cir.1964); *In re Bicoastal Corp.,* 156 B.R. 327, 331 (Bankr.M.D.Fla.1993).

We hold that the district court had jurisdiction to consider the request pursuant to section 37.011 of the declaratory judgment act. *See Valley Oil,* 499 S.W.2d at 336; *see also Insurance Servs. of Beaufort,* 966 F.2d at 851–52; *Horn & Hardart,* 843 F.2d at 548. Whether the district court's award of attorneys' fees was "necessary or proper" will be addressed in the appeal pending before this Court. *See Reiss,* 118 S.W.3d at 443 (errors other than jurisdic-

**2.** The language of the declaratory judgment act's supplemental relief provision cited in *Valley Oil,* is, in relevant part, identical to the current statute. *Compare* Tex. Civ. Prac. & Rem.Code Ann. § 37.011 (West 1997) *with* Tex.Rev.Civ. Stat. Ann. art. 2524–1 (Vernon 1965).

tion to be corrected through ordinary appellate process). The district court's order awarding attorneys' fees was not void and the State's petition for a writ of mandamus is denied.

DAVID PURYEAR, Justice, dissenting.

Mandamus is an appropriate means of compelling compliance with an appellate mandate. *Saudi v. Brieven,* No. 01–03–00865–CV, 2004 WL 2415659, at *5, 2004 Tex.App. LEXIS 9595, at *17 (Houston [1st Dist.] 2004, pet. filed) (quoting *Schliemann v. Garcia,* 685 S.W.2d 690, 692 (Tex.App.-San Antonio 1984, no writ)). The majority observes that mandamus is also proper when a trial court acts without jurisdiction and issues a void order. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000); *In re Velte,* 140 S.W.3d 709, 712 (Tex.App.-Austin 2004, orig. proceeding). A judgment is void if the court lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the judgment, or had no capacity to act as a court. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). Because I disagree with the majority's conclusion that the trial court had jurisdiction over the issue, I dissent from the decision to deny the petition for writ of mandamus.

### Factual Background

As noted by the majority, the real parties in interest (collectively, "Anderson Courier") raised only one issue on appeal—whether the statute was constitutional. Anderson Courier did not raise the issue of whether it could recover attorney's fees incurred in prosecuting the underlying declaratory judgment action. We determined the only issue presented, holding the statute to be unconstitutional, and *rendered judgment;* we ordered the State to pay all costs but *did not remand any part of the proceeding to the trial court* for further determination or interpretation. Our judgment stated that the trial court's judgment was reversed, that judgment was rendered that the statute was unconstitutional, and that the State was to "pay all costs relating to this appeal, both in this Court and the court below." The mandate commanded the trial court "to observe the order of [the] Court of Appeals ... and in all things have the order duly recognized, obeyed, and executed." The bill of costs referenced by the majority itemized fees and costs incurred in the appeal.

After our mandate issued, Anderson Courier filed in the trial court a "Motion for Attorneys' Fees and Costs," requesting attorney's fees incurred in the underlying declaratory action as prevailing parties under the UDJA. *See* Tex.Code Civ. Prac. & Rem.Code Ann. § 37.009 (West 1997). When the State objected, Anderson Courier filed a "Motion for Supplemental Relief," seeking attorney's fees as "supplemental relief pursuant to Section 37.011" of the UDJA. Anderson Courier argued that our mandate "reinvest[ed]" the trial court with "jurisdiction and authority to grant supplemental relief that is necessary and proper." Anderson Courier concluded its motion for supplemental relief with a prayer that the trial court grant "necessary and proper supplemental relief including the issuance of a permanent injunction against the enforcement of" the unconstitutional statute as well as attorney's fees and costs.

### Waiver

First, I would note that by its failure to request this Court to consider whether it was entitled to attorney's fees as part of the original appeal, Anderson Courier waived the issue. *See* Tex.R.App. P. 38.1 (appellant must present issues presented for appellate review); *Lairsen v. Slutzky,* 80 S.W.3d 121, 130 (Tex.App.-Austin 2002,

pet. denied) (party waives issue by its failure to present argument or cite authority). Anderson Courier's motions filed after our mandate issued are nothing more than untimely attempts to resurrect an issue that it failed to raise in its original appeal. This is exactly the kind of piecemeal litigation disfavored in Texas. *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 30 n. 29 (Tex.1994); *Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 796 (Tex.1992); *State v. Ruiz Wholesale Co.,* 901 S.W.2d 772, 776 (Tex.App.-Austin 1995, no writ).

### Anderson Courier's Request for "Supplemental Relief"

*No Grounds Alleged for Supplemental Relief*

In the prayer for relief in its second motion, the motion for "supplemental relief," Anderson Courier made a cursory request for an injunction against enforcement of the unconstitutional statute. However, there was no such request made in the body of the motion. Nor did Anderson Courier even allege the possibility that the State might attempt to enforce the statute in spite of our opinion, much less argue that injunctive relief was necessary or proper.

Without evidence to the contrary, we presume that a defendant will obey and abide by a declaratory judgment. *Howell v. Texas Workers' Compensation Comm'n,* 143 S.W.3d 416, 433 (Tex.App.-Austin 2004, no pet. h.); *In re City of Dallas,* 977 S.W.2d 798, 804 (Tex.App.-Fort Worth 1998, orig. proceeding); *Valley Oil Co. v. City of Garland,* 499 S.W.2d 333, 336 (Tex. Civ.App.-Dallas 1973, no writ). Although a declaratory judgment does not bar a later request and proceeding for injunctive relief based on the earlier judgment, such ancillary injunctive relief should issue *only* upon a showing that such relief is necessary and proper: "The UDJA allows for injunctive relief ancillary to a declaration of rights in some situations.... This power to grant relief is conditioned on such relief being *necessary and proper.*" *Hays County v. Hays County Water Planning P'ship,* 106 S.W.3d 349, 362 (Tex.App.-Austin 2003, no pet.). Supplemental relief that may be sought and granted under section 37.011 is relief necessary to "enforce a declaratory judgment." *Howell,* 143 S.W.3d at 433. Attorney's fees play no role in the enforcement of a judgment and, thus, are not the proper subject of such a request.

In this situation, the exercise of the court's power to grant ancillary relief requires some showing that the State will not comply with the judgment. *Id.; Valley Oil,* 499 S.W.2d at 335–36; *see Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988) (injunctive relief only proper when there is live controversy; trial court may not grant injunction based on hypothetical situation which might arise); *Priest v. Texas Animal Health Comm'n,* 780 S.W.2d 874, 875 (Tex. App.-Dallas 1989, no writ) (to obtain injunctive relief, applicant must show wrongful act, imminent harm, irreparable injury, and no adequate remedy at law). However, Anderson Courier did not allege that the State would not abide by our declaratory judgment, much less present evidence of any lack of compliance, and in fact, as discussed below, obtained a stipulation that the county attorney would *not* attempt to enforce the statute. A review of Anderson Courier's motions shows that the relief requested was not ancillary injunctive relief as could be ordered following a proper showing under section 37.011, but was for attorney's fees alone. Anderson Courier did not plead for and could not have been granted any supplemental relief under section 37.011.

*Not a Proper Motion*

In addition to its failure to show a need for ancillary relief, Anderson Courier filed a motion, not a petition for supplemental relief. Section 37.011 of the UDJA allows a trial court to grant further relief if necessary or proper, but such application must be made by petition. Tex. Civ. Prac. & Rem.Code Ann. § 37.011 (West 1997). Anderson Courier's motions, initially seeking only attorney's fees and then seeking "supplemental relief" in a blatant effort to establish jurisdiction under section 37.011, do not comply with that section, and I would find the motions insufficient to establish jurisdiction under section 37.011.[1]

*Anderson Courier Mooted Its Own Issue*

Finally, I note that Anderson Courier brought forth an agreed order between the county attorney and Anderson Courier. In the order, the county attorney agreed that Anderson Courier had incurred considerable attorney's fees and agreed not to contest Anderson Courier's attempts to obtain an award of attorney's fees. The county attorney also agreed to "permanently refrain" from enforcing the statute, reserving the right to enforce the statute if it were declared constitutional by a higher court. This order shows that the only agency with the legal authority to enforce the statute in violation of our judgment had no such intentions and therefore that there was no possible controversy requiring ancillary relief. The agreed order essentially moots Anderson Courier's request for ancillary or supplemental injunctive relief. Without a showing of any ripe controversy, "a threshold issue that implicates subject matter jurisdiction" and "em-phasizes the need for a concrete injury for a justiciable claim to be presented," the trial court lacked jurisdiction. *Patterson v. Planned Parenthood of Houston & SE Tex., Inc.*, 971 S.W.2d 439, 442 (Tex.1998).

## Did Our Mandate "Reinvest" the Trial Court with Jurisdiction?

An appellate mandate is " 'a command of the court, which the court is authorized to give and which must be obeyed.' " *Saudi*, 2004 WL 2415659, at *5, 2004 Tex.App. LEXIS 9595, at *17 (quoting *Williams v. State*, 899 S.W.2d 13, 15 (Tex.App.-San Antonio 1995, no pet.)). A trial court has no jurisdiction to interpret or review a judgment by the court of appeals, and its only authority is to carry out the appellate mandate. *Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex.App.-Dallas 1998, no writ); *see also Teston v. Brannin*, 261 S.W. 788, 789 (Tex.Civ.App.-El Paso 1924, no writ) (once supreme court rendered judgment, "the case was finally disposed of and upon the filing of the mandate ... nothing further remained for the [trial] court to do except issue the necessary process to execute the judgment ... rendered").

When an appellate judgment does not remand any part of a cause for further proceedings and does not authorize an award of damages or reconsideration of any issue, a trial court lacks jurisdiction to award additional relief or damages. *Sweitzer*, 971 S.W.2d at 631 (trial court's judgment was void because trial court lacked jurisdiction to consider appellees' motion "absent remand from this Court"); *Harris County Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 177 (Tex.

---

1. I note that the trial court's order stated that the attorney's fees were "reasonable and necessary." This tracks language used in section 37.009 of the UDJA, *see* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (West 1997), not section 37.011, which requires that supplemental relief be "necessary or proper." *Id.* § 37.011 (West 1997). This is further indication that the trial court did not properly consider section 37.011 and its limited grant of power to give supplemental relief.

App.-Houston [14th Dist.] 1998, pet. denied) (although mandate ordered appellant to pay all costs, "mandate did not confer any jurisdiction on the trial court to act in the case," and court abused its discretion in awarding appellate attorney's fees as costs); *Martin v. Credit Protection Ass'n, Inc.*, 824 S.W.2d 254, 255–57 (Tex.App.-Dallas 1992, writ dism'd w.o.j.) (court held that trial court lacked jurisdiction to award attorney's fees after reverse-and-render order awarding "costs"; "[e]ven if we allowed a trial court discretion in its ministerial duty of carrying out the terms of a mandate in a cause that was reversed and *rendered,* the terms of the mandate here are plainly stated" and "[g]ranting additional relief would thus interfere with the mandate"); *see Kenseth v. Dallas County*, 126 S.W.3d 584, 599 (Tex.App.-Dallas 2004, pet. denied) (distinguishing *Sweitzer,* where "the only judgment upheld ... was for injunctive relief; no monetary award of any sort had been approved, and yet the trial court made such an award," from cause at hand, where appellate mandate required disbursement of funds held in trial court's registry; trial court "must have had jurisdiction to make disbursement orders" and thus had jurisdiction over parties and "subject matter at issue (here, the funds in its registry)"); *see also Madeksho v. Abraham, Watkins, Nichols & Friend,* 112 S.W.3d 679, 696–97 (Tex. App.-Houston [14th Dist.] 2003, pet. denied) (Hudson, J., dissenting) ("When an appellate court affirms the judgment of the trial court or renders a judgment the trial court should have rendered, that judgment becomes the judgment of both courts. . . . In other words, the judgment of the trial court stands in the same manner as if there had been no appeal."). *But see Madeksho*, 112 S.W.3d at 683–84 (plurality op.) (*Olvera* was "somewhat ambiguous" on whether trial court's award of attorney's fees as costs "was a question of

jurisdiction or a question of simple error. Although we stated the trial court had 'no jurisdiction' to do anything beyond the appellate mandate, we also found the trial court 'abused its discretion' in entering the new awards.").

In this case, we rendered judgment and ordered the State to pay all costs. There was no money or other subject matter held in a registry that had to be disbursed. Our judgment and mandate did not reinvest the trial court with any jurisdiction to "interpret" our orders, and the bill of costs itemized the fees and costs incurred in the appeal, thus obviating any need for the trial court to make determinations as to costs.

## Conclusion

Anderson Courier waived any claim for attorney's fees incurred in the original appeal and did not show its entitlement to attorney's fees in the enforcement of our judgment. The majority seems to hold that the trial court's mere reference to section 37.011 served to establish jurisdiction over this matter without regard to whether the requirements of section 37.011 were met. Anderson Courier's motion, even if we were to consider it a proper "petition" under section 37.011, did not seek the kind of relief allowable under the statute and did not allege any necessity for such relief. We should not view such a defective motion as bestowing or "reinvesting" the trial court with jurisdiction under section 37.011.

The trial court's plenary powers were long expired, Tex.R. Civ. P. 329b, and lacking a remand order or a proper petition seeking necessary supplemental relief, the trial court was without jurisdiction to hold further proceedings in this cause. Clearly, it was error for the trial court to have awarded attorney's fees as "costs." More than that, however, the trial court's award

was void for lack of jurisdiction. Relief by way of mandamus is therefore a proper remedy. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d at 605. I would grant mandamus relief and I respectfully dissent from the majority's decision to deny such relief.