ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/3/2015 11:18:35 AM
KEITH HOTTLE
CLERK

# №. 04-15-00287-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/6/2015 9:13:00 AM
KEITH E. HOTTLE
Clerk

_____

IN THE
COURT OF APPEALS
FOR THE
FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

_____

CECIL ADAMS AND MAXINE ADAMS,
Appellants,

v.

HARRIS COUNTY, REBECCA ROSS, ET AL.,
Appellees.

On Appeal from the 269th Judicial District Court in Harris County, Texas
Trial Court Cause №. 2014-35653

_____

**REBECCA ROSS'S RESPONSE TO
ADAMS'S EMERGENCY MOTION FOR REVIEW OF ORDERS
PURSUANT TO TEX. R. APP. P. 29.6**

_____

TIMOTHY J. HENDERSON
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

COUNSEL FOR APPELLEE REBECCA ROSS

July 3, 2015

Appellee Rebecca Ross ("***Ross***") files this Response to Adams' Emergency Motion for Review of Orders Pursuant to TEX. R. APP. P. 29.6 and shows as follows:

1.  The Adams's accelerated interlocutory appeal deals with the trial Court's order granting quasi-judicial immunity to Clerk of the Court 1st Court of Appeals.

2.  The Adams appeal arises from Cause №: – 2014-35653, *Harris County, Texas, Plaintiff v. Maxine Adams, Cecil Adams, Rebecca Ross, Kathleen Keese, Christopher A. Prine, and State of Texas*, Defendants, In the 269th Judicial District of Harris County, Texas ("***Interpleader Case***").

3.  JURISDICTION:

4.  The April 4, 2014 Mandate from the First Court of Appeal to the 269th, provided, inter alia, that (i) Maxine Adams pay all cost incurred by reason of her appeal and (ii) if all or part of the unpaid costs are collected in <u>any</u> process to enforce the judgment the trial court clerk <u>must</u> remit to the clerk of the Appellate Court the amount due. The Mandate issued after the Adams failed to prosecute their appeal against Ross.

5.  The 269th most certainly has jurisdiction to enforce the Mandate.

6. In addition to enforcing the Mandate, the 269th Trial Court below is acting to settle the outstanding judgment between parties that have claims against the Adams which have nothing to do the Mandate's enforcement. As a trial court does not lose subject-matter jurisdiction by enforcing an appellate mandate, such actions are perfectly in order. See, e.g., *Madeksho v. Abraham, Watkins, Nichols, & Friend*, 112 S.W.3d 679, 685 (Tex. App. – Houston [14[th] Dist.] 2003, pet. denied) (en banc) and *In re State of Texas*, 159 S.W.3d 203 (Tex. App. – Austin, 2005, pet. denied). Parties seeking supplemental relief must make a showing that the requested relief is necessary and proper but that does not deprive the trial Court of subject matter jurisdiction over the resolution of the case having nothing to do with the Mandate. See, e.g. *Howell v. Texas Workers' Compensation Comm'n*, 143 S.W.3d 416, 433 (Tex. App. – Austin 2004, no pet. h.); *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335-36 (Tex. Civ. App. – Dallas 1973, no writ).

7. <u>TRANSFER</u>:

8. The transfer was from one District Court to another in Harris County. Both Courts had jurisdiction and thus did not run afoul of the requirements of Tex. Gov't Code 74.093.

9. Section 74.093 provides, inter alia, "RULES OF ADMINISTRATION. (a) The district and statutory county court judges in each county shall, by majority vote, adopt local rules of administration.... (d) Rules relating to the transfer of cases or proceedings shall not allow the transfer of cases from one court to another unless the cases are within the jurisdiction of the court to which it is transferred."

10. Furthermore the transfer Order is not a further appealable interlocutory order concerning the same subject matter as this interlocutory appeal, and its does not interfere with, or impair, the effectiveness of the relief sought or that may be granted on appeal. See, TEX. R. APP. P. §29.6(a)(1+2).

11. It follows then that all the orders issued by the 269th District Court are valid.

12. <u>DENIAL OF SUMMARY JUDGMENT AGAINST ROSS</u>:

13. As the Adams know, Ross currently requests only a complete dollar-for-dollar credit for all of the funds released {to whomever} in the Interpleader Case with such credit toward the judgment in the Adams Tenancy Case [1].

---

[1] The res of the Interpleader Case is Ross's deposit to supersede the judgment in Cause №: 2010-12207, *Maxine Adams and Cecil Adams, Plaintiffs v. Rebecca Ross, Defendant*, in the 269th Judicial District Court of Harris County Texas (the "***Adams Tenancy Case***"). Ross paid $8,735.18 into the Court registry to supersede the judgment in the above-referenced case ($7,906.99 on April 20, 2012 and $828.19 on August 27, 2012).

14. On April 7, 2014, Ross filed a "Motion to Release Deposit and Release Judgment." Ross requested that her deposit be distributed and the Adams Tenancy Case judgment be declared satisfied and released.

15. On May 20, 2014, the District Court entered an Order denying without prejudice Ross's Motion to Release Deposit and Release Judgment, Harris County District Clerk's Motion to Release Funds and Motion for Instruction, Cecil Adams' Request to Release Funds, and Court Reporter Kathleen Keese's Oral Request for Funds.

16. In reaction to the Court's May 20, 2014 Order, on June 20, 2014 Harris County filed the Interpleader case.

17. While the Adams may owe Harris County, Kathleen Keese, Christopher A. Prine, and/or the State of Texas, to the extent that money comes out of Ross's deposit, Ross should get full credit for all of her deposit as to the Adams Tenancy Case judgment.

18. There is no reason to revisit the Court order denying the Adams's Motion for Summary Judgment against Ross. Also, the order is not a further appealable interlocutory order concerning the same subject matter as this interlocutory appeal, and its does not interfere with, or impair, the effectiveness of the

relief sought or that may be granted on appeal.  See, TEX. R. APP. P. §29.6(a)(1+2).

19.    THEREFORE, Ross requests the Court of Appeals DENY Adams Emergency Motion for Review of Orders Pursuant to TEX. R. APP. P. 29.6.

20.    Respectfully submitted this 3rd day of July 2015.

By: _____

Timothy J. Henderson
State Bar №. 09432500
6300 West Loop South, Suite 280
Bellaire, Texas  77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

COUNSEL FOR REBECCA ROSS, APPELLEE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading was served by United States Certified Mail, return receipt requested, postage prepaid, and/or by fax and/or by hand delivery and/or electronically through the electronic filing manager and/or by email by upon all persons or counsel at the address(es) below on the 3rd day of July 2015:

Vince Ryan, Esq.
Harris County Attorney
Brian A. Quintero, Esq.
Senior Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas  77002
brian.quintero@cao.hctx.net
713.274.5173
713.437.8633 (fax)

COUNSEL FOR PLAINTIFF/PETITIONER
HARRIS COUNTY, TEXAS ATTORNEYS

Christin Vasquez,
P.O. Box 12548 Capitol Station
Austin, Texas 78711

COUNSEL FOR CHRISTOPHER A. PRINE
CLERK OF THE COURT


Maxine Adams and Cecil Adams
5510 South Rice  #1206
Houston, Texas  77081
713.840.0330

PRO SE

Jayson Booth, Esq.
3730 Kirby Drive, Suite 777
Houston, Texas 77098
713.333.0377
713.526.1175 (fax)

COUNSEL FOR KATHLEEN KEESE

_____
Timothy J. Henderson