# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==================
## NO. 03-06-00041-CV
==================

**In re The Funding Group, Inc.; Brenda Gray Barnes; Jami S. Smith; Susan E. Gregson; Francis C. Bashaw and Enhanced Services, Inc., Relators**

=====================================================================
### ORIGINAL PROCEEDING FROM TRAVIS COUNTY
=====================================================================

## M E M O R A N D U M   O P I N I O N

Relators The Funding Group, Inc., et al., seek a writ of mandamus compelling the trial court to vacate a severance order that relators claim was issued after the trial court's plenary power had expired. We sustain Relator's sole issue and conditionally grant mandamus relief to set aside the severance order on the grounds that the trial court lacked jurisdiction to issue the order.

Real parties in interest received unsolicited broadcast facsimile transmissions soliciting opportunities to refinance mortgages. They filed suit against the relators, entities and individuals involved in the mortgage brokering business, alleging violations of the federal Telephone Consumer Protection Act, *see* 47 U.S.C.A. § 227 (West 2001 & Supp. 2005), the Texas Telemarketing Disclosure and Privacy Act, *see* Tex. Bus. & Comm. Code Ann. §§ 44.151-.152 (West Supp. 2005), and a provision of the business and commerce code, *see* Tex. Bus. & Comm. Code Ann. § 35.47 (West 2002).

Relators, listed as "The Funding Group, Inc. et al.," filed a no evidence summary judgment motion on May 20, 2005, before two new relators, Enhanced Services, Inc., and Francis Bashaw, were added to the suit. Francis Bashaw was served with process on June 9 and first appeared on June 22. Enhanced Services, served by and through the secretary of state on May 23, s*ee* Tex. Civ. Prac. & Rem. Code § 17.044 (West 1997), did not respond in a timely manner, and a default judgment was entered against it on June 14. On July 8, the trial court granted the motion for summary judgment on behalf of all relators and entered a "take nothing" judgment, without setting aside or altering the default judgment against Enhanced Services. Real parties in interest timely filed a motion for new trial complaining of the inclusion of all relators in the summary judgment, which was overruled by operation of law. Thereafter, real parties in interest filed a motion to sever their claims against Enhanced Services from the other proceedings. The trial court granted the motion to sever on November 10, more than 105 days after it granted the summary judgment.

Relators now seek a writ of mandamus compelling the trial court to vacate its order permitting severance of Enhanced Services. Relators contend that, because the summary judgment order signed by the trial court constituted a final, appealable judgment, the trial court lacked the jurisdiction to issue the severance order because its plenary power had expired. Real parties in interest contend that the summary judgment was not final, but interlocutory, because it did not, and could not, dispose of all parties and claims, citing the previously granted default judgment against Enhanced Services and the fact that Francis Bashaw had not answered until only sixteen days before the summary judgment was entered.

### *Prerequisites to Mandamus*

Mandamus relief is available only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005). However, as to legal issues, the trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* And where the trial court's order is void, the relator need not show that it did not have an adequate appellate remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Mandamus, therefore, is appropriate if a trial court issues an order that is void due to lack of jurisdiction. *In re State of Texas,* 159 S.W.3d 203 (Tex. App.—Austin 2005, pet. denied); *In re Velte*, 140 S.W.3d 709, 712 (Tex. App.—Austin 2004, no pet.).

### *Trial Court's Jurisdiction*

Jurisdiction refers to a court's authority to adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. Tex. R. Civ. P. 329b(d). During this time, the trial court has plenary power to change its judgment. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The period of plenary power may be extended, however, by timely filing an appropriate post-judgment motion. The filing of a motion for new trial, Tex. R. Civ. P. 329b(e), within the initial thirty-day period extends the trial court's jurisdiction over its judgment an additional seventy-five days if it is overruled by operation of law. *See Lane Bank Equip. Co.*, 10 S.W.3d at 310; Tex. R. Civ. P. 329b(c). Orders issued after the expiration of a trial court's plenary

3

power are void for lack of subject matter jurisdiction. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

### *Final Judgment*

The question presented here is whether the summary judgment entered by the trial court is a final judgment. A summary judgment is final for purposes of appeal if it actually disposes of every pending claim and party or if it clearly and unequivocally states that it finally disposes of all claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Because the summary judgment order signed by the trial court expressly disposed of all claims and parties, it constituted a final, appealable judgment.

The trial court's take-nothing judgment, which was "in all things granted," includes no words of qualification. The judgment states that "defendants'" motion for summary judgment is "meritorious and should be in all things granted." The judgment further states:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs take nothing by way of this suit and go hence without day.

All relief not expressly granted is denied.

It is undisputed that this judgment applied to all the plaintiffs and it was rendered with respect to "this suit," a case with one asserted claim, that defendants sent unwanted facsimile transmissions in violation of federal and state statutes. The summary judgment also states that it is in favor of "the defendants" without any language limiting it to certain defendants.

Although the court granted judgment for the "Defendants" without specifically listing them, an examination of the record supports the conclusion that the summary judgment includes all

the defendants. *See id.* at 195 (to determine whether a judicial decree is a final judgment, an appellate court must analyze its language and the record in the case). In a letter from the trial judge accompanying the summary judgment order and signed on the same day, the judge specifically references the defendants' motion to enter summary judgment, noting, "the court grants such." The motion to enter summary judgment was filed on behalf of all the defendants in the case, including Enhanced Services and Francis Bashaw.

In response, real parties assert that the summary judgment was interlocutory because it was issued without setting aside or altering the default judgment against Enhanced Services. We disagree. If the judgment granted more relief than a party was entitled to, or if the record did not afford a legal basis for the adjudication, it is subject to reversal, but it is not, for those reasons alone, interlocutory. *Id.* at 200, 206. Real parties complained to the trial court of the inclusion of all defendants in the summary judgment in their motion for new trial, which was overruled by operation of law. They did not appeal the summary judgment.

In their brief, real parties contend that they

> balanced the cost, delay, and waste of judicial resources inherent in a rejected interlocutory appeal, versus the obvious ambiguities in the record. Ultimately, after reviewing the record, Real Parties determined the order signed by Judge Davis was interlocutory and thus there was no appellate jurisdiction. Therefore, Real Parties filed the Motion to Sever that resulted in the ruling that Relators now complain of.

Real parties understood the legal issues and calculated the costs and benefits of an appeal. They determined that the cost of an appeal outweighed its benefits, and decided instead to file a motion to sever. As recently stated by the supreme court, "A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Id.* at 196.

Having concluded that the summary judgment order constituted a final, appealable judgment, we sustain Relator's sole issue and conditionally grant mandamus relief to set aside the severance order issued by the trial court on the grounds that the trial court lacked the jurisdiction to issue the order. We are confident that the trial court will promptly comply, and the writ will issue only if it does not.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Waldrop

Filed: March 10, 2006